**ELLINGER v. GOODYEAR TIRE & RUBBER CO., Inc.**

**No. 65.**

District Court, N. D. Iowa, W. D.

June 6, 1941.

David R. Warner, of Washington, D. C., and Kenneth T. Wilson, of Sioux City, Iowa, for plaintiff.

Henry C. Shull and Jesse E. Marshall, both of Sioux City, Iowa, for defendant.

SCOTT, District Judge.

1. Nature of action. This is an action by plaintiff against defendant to recover excess wage and for excess time, and for penalty under what is popularly known as the Wage and Hour Law, being the Act of Congress approved June 25, 1938, as amended, 29 U.S.C.A. § 201 et seq.

2. Plaintiff is an individual and defendant is a corporation organized under the laws of the State of Delaware with the principal place of business in the city of Akron, Ohio.

3. The defendant is engaged in merchandising tires and inner tubes for trucks and automobiles, and other motor vehicle accessories, and rendering service to the public in connection with trucks and automobiles. The defendant does a nation-wide business, having branch establishments located in many towns and cities in the States of the Union.

4. Defendant owns and operates a service station at the corner of Eighth and Pearl Streets, Sioux City, Iowa. The station is maintained in a large one-story building with entrance on both Eighth and Pearl Streets. The building is L-shaped. Within the angle and at the street corner is a large paved plaza or terrace, within which are located rows of gasoline pumps. Giving from this terrace into the main building is a wide entrance. Within the building are washracks, greasing racks, space for brake service, battery service, and tire service. The concern maintains a stock room in the form of a balcony or gallery along one side of the main service room of the building, where automobile tires are racked and kept and other similar stock. The concern

at this station sells automobile tires and tubes, batteries, gasoline and motor vehicle accessories. The concern renders services to automobile and truck drivers, including tire service, battery service, brake service, washing and polishing service, greasing and oiling service, and gasoline servicing, and sells the merchandise necessary to the furnishing of such services when required.

5. Plaintiff was employed at the station maintained by the defendant for the period commencing November 16th, 1939, and ending December 4th, 1940. Plaintiff's hours on duty were approximately sixty-five hours per week. His wages were at the rate of $80 per month, or $18.46 per week. It will be noted that the time is in excess of the maximum provided by the Wage and Hour Law.

6. Plaintiff has offered testimony tending to show that he worked hours materially in excess of sixty-five per week. The defendant has offered testimony tending to rebut this claim, and to the effect that such excess time claimed by the plaintiff was merely such time as the plaintiff idled about the premises after hours and during Sundays, plaintiff being an unmarried man and having no other convenient place to stay.

7. The evidence establishes and the Court finds that very much the greater volume of the gross income derived from both service and sales was from local and intrastate service and intrastate retail sales.

8. The evidence establishes and the Court finds that during the period of plaintiff's service he was employed in a bona fide local retailing capacity as defined in § 13(a) (1) of the Wage and Hour Act, and § 541.4 of the Regulations of the Administrator.

9. The evidence establishes and the Court finds that during the period of plaintiff's service he was an employee engaged in a retail and service establishment, the greater part of whose selling and servicing was intrastate as defined by § 13(a) (2) of the Wage and Hour Act.

### Conclusions of Law.

1. As a conclusion of law the Court finds and declares that the defendant because of the character, classification and volume of its business as found by the Court was exempt from the provisions of §§ 6 and 7 of the Act relative to maximum hours of actual service and minimum wage provisions.

2. That the plaintiff is not entitled to recover in this action, and that his complaint should be dismissed at his costs.