## HIGGINS *v.* CARR BROTHERS CO.

No. 97. Argued November 19, 1942.—Decided January 18, 1943.

Mr. *Edward B. Perry,* with whom Mr. *Franz U. Burkett* was on the brief, for petitioner.

Messrs. *Clement F. Robinson* and *Francis W. Sullivan* submitted for respondent.

Mr. *Charles B. Rugg* filed a brief on behalf of the American Retail Federation, as *amicus curiae,* urging affirmance.

MR. JUSTICE DOUGLAS delivered the opinion of the Court.

This is a companion case to *Walling* v. *Jacksonville Paper Co., ante,* p. 564, and is here on certiorari to the Supreme Judicial Court of Maine. Higgins claims minimum wages and overtime compensation alleged to be due him under §§ 6 (a) and 7 (a) of the Fair Labor Standards Act between January 1939 and July 1940. Prior to that time, respondent, which conducts a wholesale fruit, grocery and produce business in Portland, Maine, had been selling and delivering its merchandise not only to the local trade in Maine but also to retailers in New Hampshire. For the period here in question the New Hampshire trade had been discontinued and all sales and deliveries were solely to retailers in Maine. The only additional facts which we know about respondent's course of business are accurately summarized in the following excerpt from the opinion of the Supreme Judicial Court: "It buys its merchandise from local producers and from dealers in other states, has it delivered by truck and rail, unloaded into its store and warehouse and from there sells and distributes it to the retail trade. While some of the produce

and fruit is processed, much of it is sold in the condition in which it is received. The corporation owns all of its merchandise and makes its own deliveries. It makes no sales on commission nor on order with shipments direct from the dealer or producer to the retail purchaser." Higgins' employment involved work as night shipper putting up orders and loading trucks for delivery to retail dealers in Maine or driving a truck distributing merchandise to the local trade.

Petitioner in his brief describes the business in somewhat greater detail and seeks to show an actual or practical continuity of movement of merchandise from without the state to respondent's regular customers within the state. But here, unlike *Walling* v. *Jacksonville Paper Co.*, there is nothing in the record before us to support those statements nor to impeach the accuracy of the conclusion of the Supreme Judicial Court of Maine that when the merchandise coming from without the state was unloaded at respondent's place of business its "interstate movement had ended." Some effort is made to show that the court below applied an incorrect rule of law in the sense that it gave the Act too narrow a construction. In that connection it is argued that respondent is in competition with wholesalers doing an interstate business and that it can by underselling affect those businesses and their interstate activities. As we indicated in *Walling* v. *Jacksonville Paper Co.*, that argument would be relevant if this Act had followed the pattern of other federal legislation such as the National Labor Relations Act (see 29 U. S. C. § 152 (7), § 160 (a)) and extended federal control to business "affecting commerce." But as we pointed out in *Kirschbaum Co.* v. *Walling*, 316 U. S. 517, this Act did not go so far but was more narrowly confined.

Thus petitioner has not maintained the burden of showing error in the judgment which he asks us to set aside.

*Affirmed.*