[L. A. No. 18553. In Bank. Apr. 24, 1943.]

LOUIS McDANIELS et al., Plaintiffs; BERNARD SILVER, Appellant, v. CARL CLAVIN, Respondent.

Phillip W. Silver for Appellant.

Henry Haves and C. L. Gardner for Respondent.

TRAYNOR, J.—Louis McDaniels and Bernard Silver brought this action to recover overtime wages that they claimed were due them on the ground that they were "engaged in commerce" and "in the production of goods for commerce" within the meaning of section 7 of the Federal Fair Labor Standards Act of 1938. (52 Stats. 1060; 29 U.S.C.A. sec. 201 et seq.) Findings were waived by the parties. Plaintiff Bernard Silver appeals from the judgment for defendant.

The defendant operates a wholesale poultry business and usually obtained from brokers the poultry that he sold, much of which came from other states. In some cases the poultry was in cold-storage warehouses when purchased by defendant, sometimes it was en route, and sometimes it was ordered by the broker to meet defendant's needs as they arose. The out-of-state merchandise was purchased, not to fill particular orders, but for defendant's general stock, and was used to fill orders of retail dealers within the state as they were received. In all cases after defendant had taken title, the poultry was transferred to his account at the warehouse. It remained there until needed in his business, when it was picked up by one of defendant's employees, taken to defendant's place of business, thawed out, and sold to defendant's customers.

Plaintiff's duties included driving trucks, delivering merchandise from the warehouse to the plant and from there to defendant's customers, opening cases of frozen poultry, dressing poultry, and cleaning the premises. He contends that the storage of the poultry for defendant's account at the warehouse did not terminate its interstate journey and that he was employed in interstate commerce when he picked up the poultry there and brought it to defendant's place of business.

The Fair Labor Standards Act was recently held inapplicable under such circumstances by the United States Supreme Court. (*Walling* v. *Jacksonville Paper Co.*, 317 U.S. 564 [63 S.Ct. 332, —— L.Ed. ——]; *Higgins* v. *Carr Bros.*, 317 U.S. 572 [63 S.Ct. 337, —— L.Ed. ——.) It is not the entry itself of goods into a warehouse that terminates their interstate journey. " . . . If the halt in the movement of the goods is a convenient intermediate step in the process of getting them to their final destinations, they remain 'in commerce' until they reach those points. Then there is a practical continuity of movement of the goods until they reach the customers for whom they are intended." Thus, goods purchased for customers on special orders or pursuant to a pre-existing contract or understanding with them are "in commerce" within the meaning of the act, even though held temporarily in warehouses before delivery to customers. The "practical continuity of movement" on which the applicability of the act turns, however, is ordinarily broken when goods that are not brought into the state pursuant to a prior order, contract, or understanding are stored in warehouses awaiting local sales. The Jacksonville Paper Co. case involved activities similar to those of plaintiff. Some of the goods were brought across state lines to warehouses where they were stored in anticipation of local demands. It was held that employees who thereafter handled these goods were not covered by the act on the ground that it had not been shown "that the goods in question were different from goods acquired and held by a local merchant for local distribution." This qualification aptly fits the poultry stored by defendant in the present case. █ The evidence shows that defendant used the cold-storage warehouse as an adjunct to his plant, and that the poultry was left there until taken to meet the needs of local customers. Plaintiff's activity in taking the poultry from the warehouse was simply a step in the local distribution of the poultry and is not covered by the act. (*Higgins* v. *Carr Bros., supra; Jax Beer Co.* v. *Redfern,* 124 F.2d 172; *Walling* v. *Goldblatt Bros.,* 128 F.2d 778; *Jewell Tea Co.* v. *Williams,* 118 F.2d 202.)

Plaintiff contends that he worked upon poultry that was delivered to points outside the state and was therefore engaged in the production of goods for commerce within the meaning of the act. During the period of about a year and

a half covered by this action the defendant made three shipments to New York and an additional number of shipments to Arizona, or a total of about fifteen shipments out of the state during the entire period. The plaintiff's testimony shows that he assisted in the preparation of poultry for one of the New York shipments and for one or two of the Arizona shipments. In view of the isolated and sporadic nature of these transactions in relation to defendant's predominantly local business and the predominantly local character of plaintiff's duties it is evident that this work was too inconsequential a part of defendant's activities to bring them within the act. (*Walling* v. *Jacksonville Paper Co., supra; Goldberg* v. *Worman,* 37 F.Supp. 778; *Gerdert* v. *Certified Poultry & Egg Co.,* 38 F.Supp. 964; *Lamb* v. *Quality Baking Co.,* (Tenn. App.) 3 Labor Cases, 60,084.)

The judgment is affirmed.

Gibson, C. J., Shenk, J., Curtis, J., Edmonds, J., Carter, J., and Schauer, J., concurred.