BOZEMAN *v.* RHODES-JENNINGS FURNITURE CO.

(*Jackson*, April Term, 1944.)

Opinion filed June 10, 1944.

W. G. Cavett, of Memphis, for complainant-appellant.

Exby & Moriarty, of Memphis, for defendant-appellee.

Mr. Justice Prewitt delivered the opinion of the Court.

The defendant Furniture Company prevailed in the chancery court and the Court of Appeals, and the petition for *certiorari* challenges the correctness of the decree of the latter Court.

The complainant Bozeman is a former employee of the defendant Furniture Company, which firm is engaged in the retail furniture business on a large scale in the city of Memphis. He sued to recover for overtime compensation, liquidated damages, interest and attorney fees claimed to be due him under the provisions of the United

States Fair Labor Standards Act of 1938, 52 Stat. at L., chap. 676, p. 1060, 29 U. S. C. A., sec. 201 *et seq.*

It is alleged in the bill that Bozeman was a regular employee of the Furniture Company on that floor or in that department of the business where slip cover and drapery materials were sold and made up; that his work consisted of going to customers' homes and selling that type of merchandise and in going to homes of customers for the purpose of taking measurements in connection with the cutting and making up of slip cover and drapery materials that had been sold to customers requesting and desiring that service; and that some of his employer's customers lived in Arkansas and Mississippi.

The Furniture Company set out in its answer that it was a retail establishment, the greater part of whose selling or servicing was in intrastate commerce, and that the provisions of sections 6 and 7 of the Fair Labor Standards Act of 1938 dealing with minimum wages and maximum hours did not apply by reason of the exemption in favor of retail or service establishments provided by section 13 (a) (1) and (2) as follows:

"The provisions of sections 6 and 7 shall not apply with respect to (1) any employee employed in a *bona fide* . . . local retailing capacity, . . .; or (2) any employee engaged in any retail or service establishment the greater part of whose selling or servicing is in intrastate commerce."

The Court of Appeals has gone into the facts extensively and a repetition of the recitals therein would serve no purpose here. Suffice it to say that practically all the business of the Furniture Company, which is a large one, is entirely retail.

Counsel for complainant sets out a number of authorities upon the proposition that the fact that the employee involved works for an establishment that manufactures goods, or some department thereof manufactures goods, and such goods represent only a very small percentage of its sale, nevertheless the Act above referred to will apply.

It will be found upon an examination of those authorities that the employer was not only engaged in manufacturing goods for interstate commerce, but also that this manufacturing was the business of the employer, or a branch or department of its business.

The case of *Chapman* v. *Home Ice Company of Memphis* (6 Cir.), 136 F. (2d), 353, is relied upon, but it will be noted that the defendant in that case was a *manufacturer of ice* and was not a retail or service establishment within the meaning of the exemption provided by the Fair Labor Standards Act.

■ ■ The authorities are uniform to the effect that the exemption provided by section 13(a) (2) of the Act is applicable to a retail furniture dealer's establishment, the greater part of whose selling or servicing is in intrastate commerce, though it does some servicing or processing incidental to its retail selling and even though it makes some interstate sales, and especially where the retail establishment is located near State lines, as in the instant cause. *Prescription House* v. *Anderson* (D. C.), 42 F. Supp., 874; *Collins* v. *Kidd* (D. C.), 38 F. Supp., 634; *Duncan* v. *Montgomery Ward & Co.* (D. C.), 42 F. Supp., 879; *Stucker* v. *Roselle*, 37 F. Supp., 864; *Hunt* v. *National Linen Service Corp.*, 178 Tenn., 262, 157 S. W. (2d), 608. The exemption is applicable to an employee employed in a local retailing capacity or in the capacity

of an outside salesman where all the work performed for his employer is incidental to the retail selling of his employer's retail establishment. *Ellinger* v. *Goodyear Tire & Rubber Co.* (D. C.), 40 F. Supp., 626; *Jewel Tea Co.* v. *Williams* (10 Cir.), 118 F. (2d), 202.

In *Higgins* v. *Carr Brothers Co.*, 317 U. S., 572, 573, 574, 63 S. Ct., 337, 338, 87 L. Ed., 468, 470, 471, it was held that the employer was exempted under the Act, the Court quoting the following excerpt from the opinion of the Supreme Judicial Court of Maine: "It buys its merchandise from local producers and from dealers in other states, has it delivered by truck and rail, unloaded into its store and warehouse and from there sells and distributes it to the retail trade. While some of the produce and fruit is processed, much of it is sold in the condition in which it is received. The corporation owns all of its merchandise and makes its own deliveries. It makes no sales on commission nor on order with shipments direct from the dealer or producer to the retail purchaser."

And in that case the Court also said: "As we indicated in *Walling* v. *Jacksonville Paper Co.* [317 U. S., 564, 63 S. Ct., 332, 87 L. Ed., 460], that argument would be relevant if this Act had followed the pattern of other federal legislation such as the National Labor Relations Act (see 29 U. S. C. A., sec. 152(7), sec. 160(a)) and extended federal control to business 'affecting commerce.' But as we pointed out in [*A. B.*] *Kirschbaum Co.* v. *Walling*, 316 U. S., 517, 62 S. Ct., 1116, 86 L. Ed., 1638, this Act did not go so far but was more narrowly confined."

The fact that the Furniture Company sells drapery and slip cover materials and makes some of that merchandise up into draperies and slip covers, the volume of which amounts to approximately 3 per cent. of the total

volume of business that it does in its retail establishment, does not make it a manufacturer since such work is incidental serving or processing and is wholly incidental to its primary business of retail selling of merchandise, and since it does not seek to, nor does it in fact, make any profit on making up such materials into draperies and slip covers, and especially where such materials that are so sold and then made up are to and for individual customers, members of the consuming public, and other similar retail establishments engage in a similar practice for the similar purpose of rendering a service to their customers.

We have examined all of the assignments of error and find them without merit.

It results that the writ will be denied.

GREEN, C. J., and CHAMBLISS, NEIL, and GAILOR, JJ., concur.