**WALLING, Administrator, Wage & Hour Division, U. S. Dept. of Labor, v. HARRIS.**

**Civil Action No. 774.**

District Court, E. D. Tennessee, S. D.

Jan. 16, 1946.

Glenn M. Elliott and David V. Manker, Attys., Wage and Hour Division, Department of Labor, both of Nashville, Tenn., for plaintiff.

Raulston Schoolfield, of Chattanooga, Tenn., for defendant.

DARR, District Judge.

The plaintiff seeks to enjoin the defendant from violating the provisions of Section 15, subsections (a) (1), (a) (2) and (a) (5), of the Fair Labor Standards Act of 1938, Act of June 25, 1938, c. 676, 52 Stat. 1060, 29 U.S.C.A. § 201 et seq.

The defendant is a wholesale produce dealer in the city of Chattanooga, Tennessee. He receives practically all his merchandise by interstate movement, some of which is transported by his trucks and a large amount by railroad trains. The merchandise coming by trucks is unloaded by certain of the defendant's employes at his place of business, some of his employes transporting the merchandise in the trucks. The merchandise received by rail is unloaded by the defendant's employes and transported in trucks. A part of this transportation by trucks goes directly to the place

of business of the defendant and a part is put in storage at a warehouse owned by a third person and later transported to defendant's place of business.

The defendant sells a substantial amount of merchandise to out of town customers who haul the merchandise away from the defendant's place of business, after the same has been loaded by some of the defendant's employes. A small amount of business is done in commerce by the defendant's delivering merchandise to retailers in Georgia, but I think this is too small to affect the case (De minimis non curat lex).

The defendant admits that he has not complied with Section 15, subsections (a) (1) and (a) (2), of the Act, and the proof indicates that he has not complied with Section 15, subsection (a) (5), of the Act, but the defendant contends that he is not required to comply therewith because none of his employes are subject thereto.

Considering that the purpose of the Act, as affecting persons who work in the movement of goods in interstate commerce or who produce goods for the commerce, is to provide for maintenance of the minimum standards of living necessary for health and general well being,[1] yet that the Congress did not exhaust its full authority concerning regulation of interstate commerce,[2] and, after a review of a number of authorities discussing the applicable law,[3] I have the notion that the law is as follows:

That all persons are engaged in interstate commerce who contribute labor to assist in the movement of a commodity designated for an interstate journey from the time it leaves the depository of the actual consignor until the time it reaches the depository of the ultimate consignee. This is true even though the commodity might pause in transit one or more times.

Applying this principle to the defendant's situation the following results appear: Any or all of the defendant's employes who are engaged for a substantial amount of time in promotion of one or more of the following acts are engaged in interstate commerce:

1. The hauling of merchandise by truck in actual interstate commerce.

2. The unloading of these trucks into the defendant's business house.

3. The unloading of merchandise that has been shipped by rail in interstate commerce.

4. The hauling by truck of such merchandise from the cars to a warehouse of a third person or to defendant's storehouse.

5. The unloading of such merchandise at the warehouse or at the defendant's storehouse.

6. The loading of such merchandise as may have been in the warehouse for transporting to the defendant's storehouse.

7. The transporting of merchandise by trucks from the warehouse to the storehouse.

8. The unloading of merchandise coming from the warehouse into the defendant's storehouse.

9. The loading of merchandise designated for an interstate journey to one of defendant's customers out of the state.

10. The keeping of any records of any kind pertaining to the merchandise moving in interstate commerce as herein minutely set out.

A preliminary injunction will issue requiring the defendant to comply with Section 15, subsection (a) (2), of the Act as to all employes herein described as coming under the Act, except those who are truck drivers and may be regulated by part II of the Interstate Commerce Act, 49 U.S.C.A. § 304. As to these truck drivers, the injunction shall be applicable only as to wages. Also, let an injunction issue to require the proper keeping of the records in compliance with Section 15, subsection (a)

[1] Sec. 2(a) of the Act; United States v. Darby, 312 U.S. 100, 657, 61 S.Ct. 451, 85 L.Ed. 609, 132 A.L.R. 1430.

[2] Kirschbaum Co. v. Walling, 316 U.S. 517, 62 S.Ct. 1116, 86 L.Ed. 1638.

[3] Walling v. Jacksonville Paper Co., 317 U.S. 564, 63 S.Ct. 332, 87 L.Ed. 460; Higgins v. Carr Bros. Co., 317 U.S. 572, 63 S.Ct. 337, 87 L.Ed. 468; Walling v. Goldblatt Bros., 7 Cir., 128 F.2d 778; Allesandro v. C. F. Smith Co., 6 Cir., 136 F.2d 75, 149 A.L.R. 382; James v. Reuter, Inc., v. Walling, 5 Cir., 137 F. 2d 315; Walling v. Mutual Wholesale Food & Supply Co., 8 Cir., 141 F.2d 331; Clyde v. Broderick, 10 Cir., 144 F.2d 348.

(5) of the Act as affect employes above described.

Let proposed findings of fact and conclusions of law be submitted.