**McCOMB v. BLUE STAR AUTO
STORES, Inc.**

No. 9227.

Circuit Court of Appeals, Seventh Circuit.
Oct. 10, 1947.

Rehearing Denied Oct. 28, 1947.

Writ of Certiorari Denied Jan. 19, 1948.

See 68 S.Ct. 387

**330**

Samuel E. Hirsch, William Ruger and Wilhartz & Hirsch, all of Chicago, Ill., for appellant.

Wm. S. Tyson, Sol., Bessie Margolin, Morton Liftin, and Frederick U. Reel, Attys., William A. Lowe, Reg. Atty., James F. O'Hare, Atty., United States Department of Labor, all of Washington, D. C., for appellee.

Before KERNER and MINTON, Circuit Judges, and LINDLEY, District Judge.

KERNER, Circuit Judge.

The Administrator of the Wage and Hour Division brought proceedings to enjoin defendant from violating the "overtime" provisions of the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq. After a trial on the merits, the court made findings of fact and conclusions of law. He held that defendant's office and warehouse employees were engaged in interstate commerce and in the production of goods for interstate commerce within the meaning of the Act, and since defendant stipulated that it was not complying with the overtime provisions of the Act, the court issued the injunction prayed for in the complaint. To reverse the decree, defendant appeals.

There is no dispute as to the controlling facts. Defendant has its office and two warehouses in Chicago. It operates a chain of 21 retail stores at which it sells its merchandise. Of these stores, 9 are located in Chicago, 9 elsewhere in Illinois, and 3 in Indiana. It has its offices at 2001 State Street and its warehouses at 2010 Wabash Avenue and 2235 State Street, Chicago. The general offices serve as the executive, administrative, purchasing, and general accounting offices, where are employed the secretary and general manager, a bookkeeper, a pay roll clerk and a switchboard operator. The bookkeeper keeps records of purchases, goods shipped to the retail outlets, the income and expenditures of the outlets, and handles the accounts payable ledger and the ledger showing defendant's assets and liabilities. The pay roll clerk takes care of the pay roll for all of defendant's employees, both within and without the State of Illinois. The switchboard operator handles all telephone calls, including out of State long distance calls. Slightly more than twenty-five per cent of all merchandise received at the warehouses is distributed from the warehouses to the three Indiana stores, and defendant's employees devote about fifteen per cent of their time to work related to the Indiana stores, but no attempt is made to segregate the work of the employees as between interstate and intrastate goods.

The warehouse employees include a manager, receivers, pricers, order pickers, packers and shippers. The manager supervises the work of the other employees. The receivers unload the trucks delivering the merchandise. Incoming merchandise arrives at the warehouses several times each week, and outgoing shipments are made to the Indiana stores weekly. The pricers affix the proper price to each item, following which the merchandise is stored in the warehouses. When a retail store orders goods from a warehouse, the order picker selects the merchandise from the stock, the packer packs it for distribution, and the shipper loads it on the truck. In one of the warehouses these functions are combined and all the work is performed by four employees. In the other warehouse there are eight employees.

Defendant's first contention is that it is not engaged in commerce or in the production of goods for commerce. The argument is that it is engaged in the business of selling merchandise at retail.

It will be enough to say that the application of the Act depends on the character of the employees' activities rather than on the employer's activities, Engebretsen v. E. J. Albrecht Co., 7 Cir., 150 F.2d 602. All employees engaged in procuring goods from other states for transportation to and delivery at employer's warehouses are engaged in "commerce" within the meaning of the Act; likewise, employees engaged in unloading and checking goods shipped in interstate commerce, and in handling them on the platforms, as well as those engaged in shipping such goods from warehouses in Illinois to stores in another state, are all engaged in the

production of goods for commerce or in an occupation necessary to such production, Walling v. Goldblatt Bros., 7 Cir., 152 F.2d 475, 476. The fact that a part of the work performed may not relate to the interstate activities of defendant does not justify the payment of less wages than required by the Act, Guess v. Montague, 4 Cir., 140 F.2d 500.

■ Under the circumstances here appearing it is now well settled that warehouse and central office employees who work either at selling or delivering across State lines, or at buying and receiving across State lines, are employed in commerce whether they write letters, keep the books, or load or unload or drive the trucks. Fleming v. Jacksonville Paper Co., 5 Cir., 128 F.2d 395, 398. See also Walling v. Jacksonville Paper Co., 317 U.S. 564, 63 S.Ct. 332, 87 L.Ed. 460; A. H. Phillips Inc. v. Walling, 1 Cir., 144 F.2d 102. The Supreme Court affirmed, 324 U.S. 490, 65 S.Ct. 807, 89 L.Ed. 1095, 157 A.L.R. 876, but on the proposition that warehouse and central office employees engaged in interstate commerce are not exempt under § 13 (a) (2) of the Act.

Defendant next makes the point that even if its employees are engaged in some work subject to the Act, the shipments in interstate commerce are too small to bring the shipment under the Act.

■ In our case, the interstate activity of the employees involved, is a regular recurring part of their work. It is not casual or sporadic. As we have already observed, they spend approximately fifteen per cent of their time in work relating to the out-of-State stores, devoting some time to the ordering and receipt of the out-of-State goods. In this situation, defendant's contention must be rejected. Mabee v. White Plains Publishing Co., 327 U.S. 178,

66 S.Ct. 511, 90 L.Ed. 607. See also Skidmore v. John J. Casale, Inc., 2 Cir., 160 F.2d 527.

The claim is made that the court erred in issuing the injunction, because, so says defendant, there was no proof either of violation or an intent to violate in the future.

■ In considering the contention thus made we note that the complaint expressly charged defendant with violations of the overtime provisions of the Act. This allegation defendant did not deny. In fact, it stipulated that "defendant is not now compensating, and has not compensated, its office and warehouse employees for hours worked in excess of [the statutory straight time maximum]." Failure to deny the violations alleged constituted an admission of the facts alleged. Rule 8 (b and d) of the Federal Rules of Civil Procedure, 28 U.S. C.A. following section 723c. In this state of the record, we cannot say the court erred in issuing the injunction, Walling v. Panther Creek Mines, 148 F.2d 604.

■ Finally, defendant contends that the injunction is improper because it does not advise defendant as to what would constitute a violation. We see no merit in this contention. The injunction is clear and definite. It includes all the office and warehouse employees. However, since defendant expresses uncertainty as to whether the truck driver is a warehouse employee and plaintiff admits he did not intend to include the truck driver among the warehouse employees, and consents to a modification of the injunction so as to exclude the truck driver, the injunction will be so modified.

The decree of the District Court will be modified in accordance with this opinion, and as modified, it is affirmed.