### DONOVAN v. SHELL OIL CO., Inc.
### No. 5722.

Circuit Court of Appeals, Fourth Circuit.

May 7, 1948.

230

J. Francis Ford, of Baltimore, Md., for appellant.

Philip M. Payne, of New York City, (Carlyle Barton, of Baltimore, Md., on the brief), for appellee.

Before SOPER and DOBIE, Circuit Judges, and BRYAN, District Judge.

SOPER, Circuit Judge.

■ This is an action under the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq., wherein the plaintiff seeks to recover unpaid minimum wages and compensation for overtime work for the period August 30, 1943, to September 30, 1945.[1] From a decision of the District Court dismissing the complaint on the ground that the plaintiff was not engaged in commerce or in the production of goods for commerce, the plaintiff has appealed.

The defendant is engaged in the refining and distribution of gasoline and other petroleum products. It has no refinery in the State of Maryland, but it does maintain a bulk depot plant at Wagners' Point, Maryland, with facilities for the storage of petroleum products. Products are shipped to this plant from without the state, and thereafter are distributed to other plants outside of Maryland and to filling and service stations both within and without Maryland.

In connection with these distribution operations, the defendant maintains a divisional marketing office in Baltimore, whose jurisdiction includes the States of Maryland, Virginia, West Virginia, North and South Carolina, The District of Columbia, and parts of Delaware and Pennsylvania. A sales force, an accounting department and a clerical staff are employed at the Baltimore Divisional Office.

The plaintiff was employed as a tabulating machine operator in March, 1941. In August, 1943, he was promoted to the position of head personnel clerk. In this capacity he had various duties. He prepared payroll checks for the defendant's employees throughout the division, and in this connection he operated a tabulating machine. He maintained personnel records, and prepared statistical reports with respect to total payrolls, payroll deductions and similar matters in the division. He also interviewed applicants for employment in the accounting department of the Baltimore

---

[1] Since the action was not brought until November 7, 1946, relief is barred as to the period preceding November 7, 1943, under the applicable Maryland statute of limitations which was pleaded by the defendant in the District Court. Code Md. 1939, Act 57, § 1. See Roland Electric Co. v. Black, 4 Cir., 163 F.2d 417, certiorari denied 68 S.Ct. 729.

office, and performed miscellaneous clerical duties.

■ Sections 6 and 7 of the Fair Labor Standards Act, 29 U.S.C.A. §§ 206, 207, provide for minimum wages and maximum hours with respect to employees who are "engaged in commerce or in the production of goods for commerce." The District Judge was of the opinion that the plaintiff was engaged neither in commerce nor in the production of goods therefor. We think this conclusion was erroneous and that the plaintiff was engaged in commerce within the meaning of the Act. We do not undertake to decide whether plaintiff was also employed in the production of goods for commerce.

■ It is settled that, in determining the coverage of the Fair Labor Standards Act, the crucial test is the nature of the specific employee's duties rather than the general character of his employer's business. See Kirschbaum Co. v. Walling, 316 U.S. 517, 524, 62 S.Ct. 1116, 86 L.Ed. 1638; Walling v. Jacksonville Paper Co., 317 U.S. 564, 571, 63 S.Ct. 332, 87 L.Ed. 460. Thus a particular employee may not be engaged in commerce, although his employer is so engaged. See McLeod v. Threlkeld, 319 U.S. 491, 497, 63 S.Ct. 1248, 87 L.Ed. 1538. It is also clear that Congress, in enacting the Act, did not seek to extend its constitutional authority to the boundary line by regulating, as it has in other statutes such as the National Labor Relations Act, 29 U.S.C.A. § 151 et seq., the working conditions of employees whose activities merely affect commerce. See Higgins v. Carr Bros. Co., 317 U.S. 572, 574, 63 S.Ct. 337, 87 L.Ed. 468; Kirschbaum Co. v. Walling, supra. The test to be applied in deciding whether an employee is engaged in commerce was stated as follows by the Supreme Court in McLeod v. Threlkeld, 319 U.S. 491, at page 497, 63 S.Ct. 1248, at page 1251: "The test under this present act, to determine whether an employee is engaged in commerce, is not whether the employee's activities affect or indirectly relate to interstate commerce but whether they are actually in or so closely related to the movement of the commerce as to be a part of it."

It is not and could not be disputed that the portion of the defendant's business with which we are here concerned, i. e., the transportation of petroleum products into the State of Maryland from without the state, and the subsequent distribution to points within and without Maryland, was commerce. See McComb v. Herlihy, 4 Cir., 161 F.2d 568; cf. Higgins v. Carr Bros. Co., 317 U.S. 572, 574, 63 S.Ct. 337, 87 L.Ed. 468. It is also clear that these activities could not have been carried on by the defendant unless some clerical and bookkeeping functions with respect thereto were also performed. In this case the plaintiff prepared the pay rolls and saw to it that pay checks were mailed to all employees throughout a division consisting of many states. He also maintained personnel records and prepared statistical reports based on these pay rolls. If the work of distributing petroleum products throughout the division was to be conducted, obviously these related activities had to be performed by some one in the defendant's employ. They were in fact performed by the plaintiff and for that reason we believe he was so closely related to the stream of commerce as to form a part of it. This conclusion is in accord with the rule in other circuits. McComb v. Blue Star Auto Stores, 7 Cir., 164 F.2d 329; A. H. Phillips v. Walling, 1 Cir., 144 F. 2d 102, affirmed 324 U.S. 490, 65 S.Ct. 807, 89 L.Ed. 1095, 157 A.L.R. 876; Ritch v. Puget Sound Bridge & Dredging Co., 9 Cir., 156 F.2d 334; Walling v. Mutual Wholesale Food & Supply Co., 8 Cir., 141 F.2d 331; Fleming v. Jacksonville Paper Co., 5 Cir., 128 F.2d 395, 398, affirmed, 317 U.S. 564, 63 S.Ct. 332, 87 L.Ed. 460.

The present case cannot be distinguished from the recent decision of the Seventh Circuit in McComb v. Blue Star Auto Stores, supra. In that case the operator of a chain of retail stores maintained a warehouse and central office in Chicago. As in this case, goods were shipped to the warehouse from out of state and then distributed to the retail stores, some of which were outside the state. The court had no hesitation in deciding that the employees

in the central office, including a pay roll clerk, were engaged in commerce.[2]

We come to the defendant's remaining contention, that the plaintiff was exempt from the provisions of the Act by virtue of the fact that he was employed in a bona fide administrative capacity. Section 13 of the Act, 29 U.S.C.A. § 213, provides that Sections 6 and 7 shall not apply with respect to "any employee employed in a bona fide executive, administrative, professional, or local retailing capacity, or in the capacity of outside salesman (as such terms are defined and delimited by regulations of the Administrator)." The District Judge resolved this issue against the defendant, and we think this holding was clearly correct.

Pursuant to his statutory authority, the Administrator promulgated Regulation 541.2, 29 U.S.C.A.Appendix, which defines the term "employee employed in a bona fide * * * administrative * * * capacity." The regulation provides that it shall mean any employee:

"(A) who is compensated for his services on a salary or fee basis at a rate of not less than $200 per month (exclusive of board, lodging, or other facilities), and

"(B) (1) who regularly and directly assists an employee employed in a bona fide executive or administrative capacity (as such terms are defined in these regulations), where such assistance is nonmanual in nature and requires the exercise of discretion and independent judgment; or

"(2) who performs under only general supervision responsible nonmanual office or field work, directly related to management policies or general business operations, along specialized or technical lines requiring special training, experience, or knowledge, and which requires the exercise of discretion and independent judgment; or

"(3) whose work involves the execution under only general supervision of special nonmanual assignments and tasks directly related to management policies or general business operations involving the exercise of discretion and independent judgment."

Plaintiff satisfies the requirements of paragraph A with respect to minimum salary, as he was paid at the rate of $225 per month, but it is plain that his duties did not satisfy any of the disjunctive requirements of paragraph B. He was primarily engaged in the preparation of pay rolls, personnel cards, and statistical reports. Approximately 25 per cent of his time was devoted to the operation of a tabulating machine, and while this work involves some skill and special training, it does not meet the terms of paragraph B(2) as it is manual in nature. The preparation of the reports required some learning and ability on his part, but did not in any sense involve the exercise of discretion and independent judgment. The point upon which the defendant relies most strongly is that plaintiff interviewed applicants for employment in the accounting department in the Baltimore office. While he had no authority to hire them, it is a fair inference that his recommendations carried some weight. In this respect the plaintiff did exercise discretion and individual judgment, but it would seem that this authority would qualify him more for exemption as

---

[2] It is clear that the activities of the plaintiff are more closely related to the stream of commerce than those of the cook who prepared meals for maintenance of way railroad employees in McLeod v. Threlkeld, 319 U.S. 491, 63 S. Ct. 1248, or than those of the porter who cleaned the washroom in a garage where interstate vehicles were serviced in Skidmore v. John J. Casale, Inc., 2 Cir., 160 F.2d 527. On the other hand, it is difficult to see a distinction between the plaintiff's relationship to commerce and the relation of clerical employees in a business engaged in the production of goods for commerce who were held in Borden Co. v. Borella, 325 U.S. 679, 65 S.Ct. 1223, 89 L.Ed. 1865, 161 A.L.R. 1258, to be within the scope of the statute. It is not enough to point out that the statute provides that any employee of a business engaged in the production of goods for commerce, whose occupation is necessary to accomplish the purpose of the business is within the Act. See 29 U.S.C.A. § 203(j). In Borden Co. v. Borella, supra, 325 U.S. at page 683, 65 S. Ct. 1223, the court said that production includes the activity connected therewith, including management and control of the various physical processes, together with the accompanying accounting and clerical activities. This statement is also true of the activities of those who are engaged in commerce.

an executive employee than an administrative employee. Indeed the regulation with respect to executive employees defines such authority as one of the requirements, see Regulation 541.1, while, as seen above, the regulation with respect to administrative employees is silent on this point. In any event, this was but a small portion of the plaintiff's duties, and since his other work was of a non-administrative nature, he could not properly be exempt by virtue of this responsibility. We conclude that plaintiff was not employed in a bona fide administrative capacity. See George Lawley & Son Corporation v. South, 1 Cir., 140 F.2d 439, 151 A.L.R. 1081; Sun Publishing Co. v. Walling, 6 Cir., 140 F.2d 445; Walling v. Sterling Ice & Cold Storage Co., D.C.Colo., 69 F.Supp. 669; Burke v. Lecrone-Benedict Ways, Inc., D.C.E.D.Mich., 63 F.Supp. 883; Lorber v. Rosow, D.C.Conn., 58 F.Supp. 341; cf. Jones v. Bethlehem-Fairfield Shipyard, D.C.Md., 75 F.Supp. 86; Walling v. Newman, D.C.,N.D.Iowa, 61 F.Supp. 971; Walling v. General Industries Co., D.C. Ohio, 60 F.Supp. 549, affirmed 6 Cir., 155 F.2d 711, 715, Id., 330 U.S. 545, 67 S. Ct. 883, 91 L.Ed. 1088; Stanger v. Glenn L. Martin, D.C.Md., 56 F.Supp. 163.

The decision of the District Court will be reversed and the case remanded for further proceedings in conformity with this opinion.

Reversed and remanded.