**KING et al.**

v.

**STANDARD ADVERTISING CORP.**

**Civ. No. 321–F.**

United States District Court,
N. D. West Virginia.

Nov. 12, 1953.

West Virginia, and that it is engaged in constructing, maintaining and owning billboards on property adjacent to public highways and on buildings and vacant lots in and adjacent to cities and towns in Central West Virginia; that the property on which the billboards are constructed and maintained is owned or leased by the defendant, for the purpose of displaying advertising posters.

The defendant, it was agreed, contracts with local and national advertisers to display advertising posters on a specified number of billboards. The selection of the individual billboards or billboard sites for the display of posters is exclusively within the control of the defendant. It is the practice for advertisers to furnish the poster designs, with proper illustrations and layouts, those from non-resident advertisers being shipped or mailed to the defendant in Clarksburg. They are delivered in bundles or packages by the expressman, freightman or parcel postman to the defendant's office, where they are checked and listed. They are then stored in the defendant's building, the bundles or packages unpacked, and the posters are assembled and processed for posting. A part of the processing is immersion of the posters in a solution of calcium chloride to prepare the posters for withstanding the conditions of outside exposure.

The plaintiffs contend that the defendant, and the defendant's bill posters, are engaged in interstate commerce, and that the employees, engaged in constructing, repairing billboards, are engaged in work which is essential and necessary to the main business of the defendant, and that, therefore, all employees of the defendant are entitled to the provisions of the Act. The plaintiffs base their contention upon the fact that most of the advertising displays are shipped to the defendant from some other state for the purpose of being displayed on billboards within the state, and that the posters are in one continuous interstate journey until they come to rest on the billboards.

Edward M. Baker, Clarksburg, W. Va., for plaintiffs.

C. W. Louchery, Clarksburg, W. Va., for defendant.

WILKIN, District Judge.

This is an action to recover compensation alleged to be due and unpaid for overtime services under the provisions of the Fair Labor Standards Act, Title 29 U.S.C.A. § 201 et seq. The case was submitted on the pleadings, the evidence, agreed statement of facts, briefs, and oral argument. The controlling question raised is whether the plaintiffs, as defendant's employees, are entitled to the benefits of the provisions of the Fair Labor Standards Act.

If they are, then a second question would arise, whether the plaintiffs are entitled to recover liquidated damages and attorney fees, under Section 216 of the Act.

It was agreed that the defendant is a West Virginia corporation, with its place of business in the City of Clarksburg,

The defendant contends that billboard advertising is a local business carried on wholly in the channels of intrastate commerce; that the nature or character of the employees' activities or services is determinative of the question whether the employees' activities or services are within the scope and coverage of the Act; that the coverage of the Act does not extend to business or transactions "affecting commerce;" that the employees cannot claim the benefits of the Act unless they are engaged in the "production of goods for commerce," or actually "engaged in commerce;" that the posters and other goods transported from out the state to the defendant lose their character as interstate commerce when delivered to the place of business of the defendant; that such delivery is the destination of the goods so shipped from out the state; and that the storing, processing, and displaying of posters thereafter, or the use of other goods, is a wholly local or intrastate business and process; and that the defendant's employees are not engaged in commerce and did not produce any goods for commerce, within the meaning of the Act.

■ The plaintiffs relied mainly on the decision in the case of Walling v. Jacksonville Paper Co., 317 U.S. 564, 63 S.Ct. 332, 87 L.Ed. 460. The facts of this case are different, however. In the present case the delivery of the posters at the warehouse of the defendant is not merely a brief interruption of the journey of the goods to an ultimate consignee known at the time of the original shipment. The posters in the present case end their interstate journey when delivered to the defendant. The treatment and the placement of the posters thereafter is wholly under the control of the defendant and its separate contracts with various advertisers. The defendant receives some shipments from foreign states, as most local businesses do, but its business is a service restricted to a territory wholly within the state. Neither it nor its employees are engaged in interstate commerce or the creation of goods for interstate commerce.

The other cases cited by the plaintiffs can also be distinguished. The language and decisions in some of such cases seem to support the contentions of the defendant herein.

It seems clear to this Court that the contentions of the defendant are sustained by the following cases: Packer Corporation v. State of Utah, 285 U.S. 105, 52 S.Ct. 273, 76 L.Ed. 643; Higgins v. Carr Brothers Co., 317 U.S. 572, 63 S.Ct. 337, 87 L.Ed. 468; Crabb v. Welden Brothers, 8 Cir., 164 F.2d 797; Maitrejean v. Metcalfe Construction Co., 8 Cir., 165 F.2d 571.

The agreed statement of facts reveals that the officers of the Wage and Hour Division of the United States Department of Labor concurred with the defendant in its interpretation of the Fair Labor Standards Act, as applied to its business.

■ If the employees of the defendant are not within the purview of the Act, then, of course, there is no need to consider the second issue raised by the complaint. If they are not entitled to the wages of the Act, they are not entitled to liquidated damages or attorney fees. In passing, it might be said that even if the plaintiffs were entitled to additional wages, they would not be entitled to damages in this case, because the defendant had made a full disclosure to the Wage and Hour Division of the United States Department of Labor, and had conferred with the officers of that department, regarding its liabilities and the rights of its employees under the Act. The business of the defendant was inspected by an agent of the Department of Labor, and the correspondence between that Department and the defendant reveals no objection to the defendant's interpretation of the Act.

The complaint is, therefore, dismissed at costs of the plaintiffs.