W. J. USERY, Jr., Secretary of Labor, United States Department of Labor

v.

MANCHESTER EAST CATHOLIC REGIONAL SCHOOL BOARD.

Civ. A. No. 76–285.

United States District Court, D. New Hampshire.

April 20, 1977.

John S. Casler, U. S. Dept. of Labor, Boston, Mass., for plaintiff.

James H. Schulte, Burns, Bryant, Hinchey, Cox & Shea, Dover, N. H., for defendant.

## ORDER AND OPINION ON MOTION TO DISMISS

BOWNES, District Judge.

This action is brought by the Secretary of Labor pursuant to Section 4 of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq., and Section 15 of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq., alleging that the defendant, Manchester East Catholic Regional School Board, violated those Acts by discharging and refusing to rehire Mrs. Ruth McCarthy because of her age.

Defendant has filed a motion to dismiss alleging that it is not a "person engaged in an industry affecting commerce" within the meaning of ADEA. 29 U.S.C. § 630(b), (g) & (h).

On October 18, 1976, defendant filed a motion to dismiss on the basis that the complaint only stated factual allegations relative to ADEA. On October 26, 1976, plaintiff filed a response to that motion which stated:

> [V]iolations of the Fair Labor Standards Act are alleged . . . only to the extent that the provisions of said Fair Labor Standards Act are incorporated by the Age Discrimination in Employment Act.

Plaintiff also cited Section 7(b) of ADEA which provides that the provisions of that Act are to be enforced by provisions of FLSA. 29 U.S.C. § 626. On October 27, 1976, I denied defendant's motion to dismiss.

On March 2, 1977, defendant renewed its motion to dismiss stating that it was outside the class affected by either Act and noting specifically the reliance of ADEA on FLSA. It stated:

> In view of the common legislative purposes of the Fair Labor Standards Act in the Age Discrimination and Employment Act, and in view of the common provisions and definitions shared by these two

acts, the judicial interpretation of the Fair Labor Standards Act and the legislative history of that act and its amendments should be persuasive in interpreting the Age Discrimination in Employment Act. Memorandum at 2.

Defendant contends that without the 1966 amendment to FLSA which made it specifically applicable to schools, school employees would not be covered by the act and that since that 1966 amendment to FLSA [1] does not apply to ADEA, school employees are not covered by it.

Plaintiff argues that FLSA applied to school employees even before the 1966 amendment. It has cited no case or other authority for this position.

Plaintiff's next contention has more merit. The Secretary contends that the coverage of ADEA is broader than FLSA. The original language of FLSA was not intended to engage the full scope of the Commerce Clause. 10 East 40th Street Building v. Callus, 325 U.S. 578, 65 S.Ct. 1227, 89 L.Ed. 1806 (1945); Higgins v. Carr Bros. Co., 317 U.S. 572, 63 S.Ct. 337, 87 L.Ed. 468 (1943); Walling v. Jacksonville Paper Co., 317 U.S. 564, 63 S.Ct. 332, 87 L.Ed. 460 (1943); Kirschbaum v. Walling, 316 U.S. 517, 62 S.Ct. 1116, 86 L.Ed. 1638 (1942).

In Jacksonville Paper Co., supra, 317 U.S. at 570, 63 S.Ct. 332, the Court stated that the appropriate term for Congress to use when it intends to use its full authority under the Commerce Clause is: "in any industry affecting commerce." This is the very term used in ADEA. 29 U.S.C. § 630(b) & (h).

Although there is extensive reference to FLSA in ADEA, the existing coverage provisions of FLSA were not adopted. Instead, Congress used the language which, under Jacksonville Paper Co., extends coverage to the full extent permitted by the Commerce Clause and made reference to

---

1. In 1966, Section 3(r) of the Fair Labor Standards Act was amended to specifically apply to employees of schools by the "Enterprise" amendment. 1 U.S.Code Cong. & Admin. News, 1966, p. 978. The provision was not included in the Senate Amendment, but was included in the House Amendment and adopted by the Conference Committee. This amendment came after the enactment of the Age Discrimination Act.

the Labor-Management Reporting and Disclosure Act (LMRDA). 29 U.S.C. § 630(h) makes ADEA applicable to:

> any activity or industry "affecting commerce" within the meaning of the Labor-Management Reporting and Disclosure Act of 1959 [LMRDA].

LMRDA, 29 U.S.C. § 401 *et seq.*, defines "industry affecting commerce" as meaning the same thing that it means in the Labor Management Relations Act (LMRA), 29 U.S.C. § 402(c).

> "Industry affecting commerce" . . . includes any activity or industry "affecting commerce" within the meaning of the Labor Management Relations Act [LMRA] . . . .

The term "commerce" in LMRA is defined as being the same as that word's meaning in the National Labor Relations Act (NLRA). 29 U.S.C. § 152(6). The term "affecting commerce" is defined at Section 152(7).

In NLRA, the term "commerce" is defined broadly and has been repeatedly interpreted to extend to the whole range of congressional authority under the Commerce Clause. *NLRB v. Reliance Fuel Co.*, 371 U.S. 224, 226, 83 S.Ct. 312, 9 L.Ed.2d 279 (1963); *see Guss v. Utah Labor Relations Board*, 353 U.S. 1, 3, 77 S.Ct. 598, 1 L.Ed.2d 601 (1957).

▆▆ Therefore, the scope of the term "affecting commerce" in the Age Discrimination in Employment Act is coextensive with that of the Commerce Clause and thus includes the defendant here.

No contention has been made that Congress does not have sufficient authority under the Commerce Clause to prohibit defendant from discriminating on the basis of age.

The motion to dismiss is denied.

SO ORDERED.