**Ray DONOVAN, Secretary of Labor, United States Department of Labor, Appellant,**

v.

**Larry SCOLES, Individually, and Doing Business as College Exxon Service Station, Appellee.**

No. 79–3551.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 12, 1981.

Decided July 27, 1981.

Mary Ann Bernard, Washington, D. C., for appellant.

Ronald W. Meyer, Phoenix, Ariz., for appellee.

Before MARKEY *, Chief Judge, Customs and Patent Appeals, and HUG and POOLE, Circuit Judges.

* The Honorable Howard T. Markey, Chief United States Court of Customs and Patent Appeals

HUG, Circuit Judge:

This case concerns the extent of the coverage of the Fair Labor Standards Act. The issue is whether the coverage of the Act extends to a business enterprise whose only connection with interstate commerce is that some of its employees handle goods that have moved in interstate commerce, even though the goods have come to rest within the state prior to acquisition by the business enterprise.

The Secretary of Labor brought the action under Sections 16(c) and 17 of The Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA"), against Larry Scoles, operator of the College Exxon Service Station. The complaint alleged violations of the overtime and recordkeeping provisions of the Act. It characterized College Exxon as an enterprise engaged in commerce, as defined by 29 U.S.C. § 203(r) and (s). Scoles moved for summary judgment. Although conceding his business was an enterprise under § 203(r), he claimed the intrastate nature of his business deprived the district court of jurisdiction under the FLSA. The district court dismissed the complaint.

We find that College Exxon is a covered enterprise under the FLSA as amended in 1961 and 1974. We therefore reverse the judgment of the district court.

I

Scoles operates College Exxon as an independent service station and garage in Mesa, Arizona. He has a requirements contract for gasoline with Exxon Corporation and the gasoline that he purchases is sent by pipeline from California to Phoenix. No portion of the gasoline is reserved for or allocated to Scoles's station. He makes monthly purchases through Exxon agents at the Phoenix terminal, taking title to the gasoline when Exxon delivers it to his sta-

Judge, sitting by designation.

tion. All sales of gasoline and accessories, and all provision of service work, occur entirely within Arizona.

Scoles contends that his enterprise is not engaged in commerce and that his employees are not covered by the FLSA. In advancing this contention he relies upon the "coming to rest" doctrine. Under this view of FLSA jurisdiction, goods that originally moved in interstate commerce, but that came to rest within the state prior to intrastate handling and sale, lost their interstate character and employees involved in the intrastate distribution of such goods were not engaged in commerce. *Higgins v. Carr Brothers Co.*, 317 U.S. 572, 63 S.Ct. 337, 87 L.Ed. 468 (1943); *Mitchell v. Livingston & Thebaut Oil Co.*, 256 F.2d 757 (5th Cir. 1958); *Jewel Tea Co. v. Williams*, 118 F.2d 202 (10th Cir. 1941).

The "coming to rest" analysis was appropriate to determine coverage under the original version of the FLSA. Initially the Act's coverage was limited to individual employees who were "engaged in commerce or the production of goods for commerce." *See Mitchell v. H. B. Zachry Co.*, 362 U.S. 310, 80 S.Ct. 739, 4 L.Ed.2d 753 (1960); *Kirschbaum v. Walling*, 316 U.S. 517, 62 S.Ct. 1116, 86 L.Ed. 1638 (1942); *Wirtz v. Melos Construction Corp.*, 408 F.2d 626, 627 (2d Cir. 1969). Employees who handled goods that had come to rest prior to their acquisition by the employer were not "engaged in commerce" and were not covered by the Act.

In 1961 the FLSA was amended to provide a second basis for coverage. Although the original coverage focused upon the nature of the employees' activities, the new coverage requires analysis of the business itself. Thus employees are to be covered if employed by an *enterprise* involved in commerce. The 1961 amendment defines a covered business as:

> ... an enterprise which has employees engaged in commerce or in the production of goods for commerce, including *employees handling, selling, or otherwise working on goods* or materials *that have*

> *been moved in* or produced for *commerce by any person*, . . . .

29 U.S.C. § 203(s) (1961) (emphasis added.)

■ The amendment expands FLSA coverage to include two groups of employees who were formerly outside the Act's coverage. The first clause (a business "which has employees engaged in commerce or the production of goods for commerce") extends coverage to all the co-workers of employees covered by the original version of the Act. Thus if an enterprise had any covered employees prior to 1961, all of its employees are covered under the amendments. The second clause ("including employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person") identifies the second employee group brought under the Act's coverage by the amendment. It is this coverage basis which the Secretary relies upon in contending that College Exxon's employees are now covered by the FLSA. He contends that because the employees handle and sell gasoline which has been moved in commerce, Scoles's enterprise satisfies the requirements of the statute. He further argues that this form of enterprise coverage is a new statutory concept to which the "coming to rest" doctrine has no application. We view this position as a correct interpretation of the statute.

■ The clear language of this amendment indicates that even a business engaged in purely intrastate activities can no longer claim exemption from FLSA coverage if the goods its employees handle have moved in interstate commerce. *See Brennan v. Dillon*, 483 F.2d 1334, 1337 (10th Cir. 1973); *Brennan v. Greene's Propane Gas Service, Inc.*, 479 F.2d 1027, 1030–31 (5th Cir. 1973); *Shultz v. Deane-Hill Country Club, Inc.*, 310 F.Supp. 272, 277 (E.D.Tenn. 1969), *aff'd*, 433 F.2d 1311 (6th Cir. 1970). The language imposes no requirement that the goods have a present involvement in interstate commerce when they are handled or sold. Instead it broadens coverage to include all employees within the stream of commerce of such goods, even if their own

participation remains purely intrastate. *Dunlop v. Industrial America Corp.*, 516 F.2d 498, 501 (5th Cir. 1975); *Brennan v. State of Iowa*, 494 F.2d 100, 104 (8th Cir. 1974), *cert. denied*, 421 U.S. 1015, 95 S.Ct. 2422, 44 L.Ed.2d 683 (1975). The question of whether the goods have come to rest in transit has no relevance to this analysis.

Our conclusion that the 1961 amendments extended coverage to employers such as Scoles is supported by the legislative history. The Senate report on the bill enacting the amendments stated:

> It will be noted that the application of the test relating to purchases and receipts of goods for resale, where such goods move or have moved across State lines, is not based on any interstate movement of such goods from the reselling establishment in its deliveries to customers. The interstate movement referred to is, rather, that movement by which such goods have been made available for sales of the reselling establishment, as where a retail enterprise located in one State purchases or receives goods for resale to its customers and these goods move or have moved in commerce from other States.

S.Rep.No. 145, 87th Cong., 1st Sess. *reprinted in* [1961] U.S.Code Cong. & Ad.News 1620, 1663–64. The report reasoned that since the FLSA covered those employees producing goods for sale in interstate commerce and those transporting the goods, it was appropriate to extend protection to the "employees of the retail selling enterprise . . . who participate to [an equal] extent in the interstate commerce carried on in the same goods." *Id.* at 1663.

In addition, the Department of Labor's interpretation of the statutory language, 29 C.F.R. § 779.242, expressly rejects the application of the "coming to rest" doctrine.[1] Deference is to be accorded to the Secretary's interpretation of the statute he administers. *Udall v. Tallman*, 380 U.S. 1, 16, 85 S.Ct. 792, 801, 13 L.Ed.2d 616 (1965); *Good Samaritan Hospital, Corvallis v. Mathews*, 609 F.2d 949, 954 (9th Cir. 1979).

II

Scoles argues that application of the 1961 amendments to College Exxon is contrary to *Maryland v. Wirtz*, 392 U.S. 183, 88 S.Ct. 2017, 20 L.Ed.2d 1020 (1968), *partially overruled on other grounds, National League of Cities v. Usery*, 426 U.S. 833, 96 S.Ct. 2465, 49 L.Ed.2d 245 (1976). In analyzing the constitutionality of the 1961 amendments, the Court in that case stated: "The class of employers subject to the Act was not enlarged by the addition of the enterprise concept." 392 U.S. at 193, 88 S.Ct. at 2022. Scoles, whose business would not have been covered prior to 1961, relies upon the Court's statement to avoid the extended coverage provided for by the amendments.

In *Maryland v. Wirtz* the Court considered the application of enterprise coverage under the 1961 amendments, which we have quoted above, to state schools and hospitals. It noted that "[w]hereas the Act originally extended to every employee 'who is engaged in commerce or in the production of goods for commerce,' it now protects every employee who 'is employed in an enterprise engaged in commerce.' " 392 U.S. at 188, 88 S.Ct. at 2019. The focus of the case is thus the first employee group to

---

1. 29 C.F.R. § 779.242 states:

    For the purpose of section 3(s), goods will be considered to "have been moved . . . in commerce" when they have moved across State lines before they are handled, sold, or otherwise worked on by the employees. *It is immaterial in such a case that the goods may have "come to rest"* within the meaning of the term "in commerce" as interpreted in other respects, before they are handled, sold, or otherwise worked on by the employees in the enterprise. Such movement in commerce may take place before they have reached the enterprise, or within the enterprise, such as

from a warehouse of the enterprise in one State to a retail store of the same enterprise located in another State. Thus, employees will be considered to be "handling, selling, or otherwise working on goods that have been moved in . . . commerce" where they are engaged in the described activities on "goods" that have moved across State lines at any time in the course of business, such as from the manufacturer to the distributor, or to the "enterprise," or from one establishment to another within the "enterprise." (Emphasis added.)

whom the 1961 amendments extended coverage: the fellow workers of employees covered prior to enactment of the amendments. It is in this context that the Court states that the "class of employers . . . was not enlarged." Prior to 1961 employers were required to comply with the FLSA as to individual employees engaged in commerce; after 1961 coverage of those same employers was expanded to include all of their employees.

*Maryland v. Wirtz* did not analyze the second basis of enterprise coverage, based on employees who handle goods that have moved in interstate commerce. The Court declined to consider the application of the second clause of the statute to state schools and hospitals. 392 U.S. at 200, 88 S.Ct. at 2025. The opinion did not interpret the portion of the statute at issue here, and it thus cannot be viewed as a limitation of the clear statutory language.

Following *Maryland v. Wirtz*, in 1974, Congress again amended § 203(s), replacing "including" with "or":

"Enterprise engaged in commerce or in the production of goods for commerce" means an enterprise which has employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, . . . .

This change reaffirms the intent to create two separate bases for enterprise coverage. Even if it could be assumed that the 1961 amendments did not extend FLSA to enterprises like College Exxon, there can be no question that the 1974 amendment establishes an independent coverage basis which applies to Scoles. Scoles's argument, that *Maryland v. Wirtz* can be interpreted to preclude coverage under the Act before the 1974 amendment, has no persuasive application to the Act after the 1974 amendment, which removed all doubt.

The judgment of the district court is reversed. The case is remanded for consideration of the alleged violations of the FLSA.

REVERSED and REMANDED.