Elaine L. CHAO, Secretary of Labor, United States Department of Labor, Plaintiff—Appellee,

v.

CASTING, ACTING AND SECURITY TALENT, INC., a corporation, et al., Defendants—Appellants.

No. 02–55253.

D.C. No. CV–00–03481–RSWL.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 9, 2003.

Decided Oct. 24, 2003.

Before TASHIMA, BERZON, and CLIFTON, Circuit Judges.

### MEMORANDUM *

The Secretary of Labor was granted summary judgment in her action against Casting, Acting, and Security Talent, Inc. and its principal George Chavez (collectively, "CAST") for failure to pay its employees overtime wages. Because the parties are familiar with the facts, we recount them only as necessary. We affirm.

The Fair Labor Standards Act ("FLSA") requires that any "enterprise engaged in commerce or in the production of goods for commerce" shall not employ any of its employees "for a workweek longer than forty hours unless such employee receives compensation ... at a rate not less than one and one-half times" his or her regular wage rate. FLSA § 7(a)(1); 29 U.S.C. § 207(a)(1). "If the employee is employed solely on the basis of a single hourly rate, the hourly rate is his 'regular rate.'" 29 C.F.R. § 778.110(a).

■ CAST's employees generally worked standard film-industry shifts of twelve hours in providing security services on film sets. Yet regardless of the number of hours worked per day or per week, CAST paid any given employee the same amount per hour for any given job. It purported to characterize that actual pay rate as an "average" hourly rate, which included "overtime" pay at time-and-one-half of a "regular" rate for hours over eight per day, but in fact an employee's actual pay was never calculated using either the "regular" or the "overtime" rate, only the "average" rate. An employee received the same "average rate" amount per hour whether he worked eight hours for one day during a week or five twelve-hours days totaling sixty hours in a single week. Because CAST paid the same hourly rates for both overtime and non-overtime pay, it failed to comply with section 7(a) of the FLSA.

■ CAST argues that it is exempt from FLSA requirements because it is not "an enterprise engaged in commerce or in the production of goods for [interstate] commerce." 29 U.S.C. § 207(a)(1). CAST contends that its services are provided

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

solely within the state of California, and its employees have no relationship to the production of goods for commerce. "The language [of the FLSA] imposes no requirement that the goods have a present involvement in interstate commerce when they are handled or sold." *Donovan v. Scoles,* 652 F.2d 16, 18 (9th Cir.1981); *see also* 29 C.F.R. § 776.21(a) ("Goods are produced 'for' such commerce where the employer intends, hopes, expects, or has reason to believe that the goods or any unsegregated part of them will move ... in such interstate or foreign commerce."). As film production companies are engaged in the production of films intended for national and international distribution, they are engaged in interstate commerce for the purposes of the FLSA.

■ An employer is "deemed to have been engaged in the production of goods" if it employs people in a "closely related process or occupation directly essential to the production" of goods. 29 U.S.C. § 203(j). The Supreme Court has held that the work of employees engaged in the operation of a building in which large quantities of goods for interstate commerce are produced—including night watchmen—"[has] such a close and immediate tie with the process of production for commerce, and [is] therefore so much an essential part of it, that the employees [are] to be regarded as engaged in an occupation 'necessary to the production of goods for commerce.'" *Kirschbaum Co. v. Walling,* 316 U.S. 517, 525–26, 62 S.Ct. 1116, 86 L.Ed. 1638 (1942) (quoting an earlier version of 29 U.S.C. § 203(j)).

We decline to hold that the district court abused its discretion in imposing a restitutionary injunction, despite CAST's allegations that compliance will jeopardize its small business and the jobs of its employees. A mere claim of "economic hardship" does not justify reversal, as "restitutionary injunctions are an essential tool in effectuating the policy of the [FLSA]." *Marshall v. Chala Enterprises, Inc.,* 645 F.2d 799, 803 (9th Cir.1981).

**AFFIRMED.**