George P. **SHULTZ**, Secretary of Labor, United States Department of Labor, Plaintiff,

v.

Leon S. **POIRIER**, Individually and doing business as Leon S. Poirier, Public Accountant, Defendant.

Civ. A. No. 69–501.

United States District Court
E. D. Louisiana,
New Orleans Division.

May 22, 1969.

---

Luis M. Segura, and Earl Harper, Jr., Atlanta, Ga., for plaintiff.

William J. Everhardt, New Orleans, La., for defendant.

RUBIN, District Judge:

## RULING ON DEFENDANT'S MOTION TO DISMISS

In this action the Secretary of Labor[1] seeks to enjoin the defendant, Leon S. Poirier, from violating certain provisions of the Fair Labor Standards Act ("the Act") of 1938. 29 U.S.C. §§ 201–219. The Secretary contends that defendant has failed to pay his employees minimum wages and overtime compensation, and has failed to keep proper work records as required by the Act. 29 U.S. C. §§ 206, 207, 211(c).

The Secretary alleges that defendant's employees are engaged in interstate commerce and in the production of goods for interstate commerce within the meaning of the Act and are therefore subject to its coverage.

Defendant, operator of an unincorporated accounting and tax service, has filed a motion to dismiss for failure to state a claim on the ground that his business is exempted from coverage of the Act by Sections 203(s) and 213(a)

---

1. Section 17 of the Fair Labor Standards Act, 29 U.S.C. § 217, allows the Secretary of Labor to bring suit to enjoin violations of the minimum wage and overtime provisions of the Act.

(1). 29 U.S.C. §§ 203(s), 213(a) (1). He contends that under these sections his business is exempt because its gross sales of goods or services is less than the minimum amount required for the Act to apply.[2]

■ The Act provides for two types of coverage—individual employee coverage and enterprise coverage. Originally, the Act provided only for individual employee coverage and extended its benefits only to workers who were themselves engaged in interstate activities. The concept of enterprise coverage was added by amendments in 1961 and expanded by amendments in 1966. Under the concept of enterprise coverage, a business that qualifies as a covered enterprise within the meaning of the statute is subject to the Act's requirements with respect to all its employees, including workers engaged in purely local activities. Under the concept of individual employee coverage, each employee engaged in interstate or foreign commerce, in the production of goods for interstate or foreign commerce, or in the occupations closely related and directly essential to such production, is individually covered by the Act and is entitled to its benefits. In other words, the Act, as originally enacted, covered employees individually when their particular activities had something to do with interstate commerce. Amendments to the Act in 1961 and 1966 extended coverage to all employees working for a covered enterprise, whether or not the particular employee's activities had anything to do with interstate commerce. These amendments left the existing law on individual employee coverage unchanged.

■ The Act provides for individual coverage of employees regardless of their employer's status under the Act and the nature of their employer's business. As the United States Supreme Court stated in Kirschbaum v. Walling, 1942, 316 U.S. 517, 524, 62 S.Ct. 1116, 86 L.Ed. 1638, "But the provisions of the Act expressly make its application dependent upon the character of the employees' activities. And, in any event, to the extent that his employees are 'engaged in commerce or in the production of goods for commerce', the employer is himself so engaged." *See also*, Crook v. Bryant, 4 Cir.1959, 265 F.2d 541. The application of the Act under the concept of individual employee coverage is therefore dependent upon the character of the employee's activities, rather than upon those of the employer.

■ The Secretary contends that defendant's employees perform bookkeeping, clerical, stenographic and tax services; that defendant offers and performs these services through its employees for defendant's clients who are directly engaged in interstate or foreign commerce, and in the production of goods for interstate or foreign commerce. Additionally, the Secretary asserts that, in performing such activities for defendant's clients, defendant's employees are individually covered by the Act because they are employed in a closely related process or occupation directly essential to the production of goods for interstate or foreign commerce. Warren-Bradshaw Drilling Co. v. Hall, 5 Cir.1941, 124 F.2d 42, aff'd, 317 U.S. 88, 63 S.Ct. 125, 87 L.Ed. 83; Walling v. Matthews Bros., D.C.Tenn. 1946, 6 W-H Cases 712 (not officially reported). The motion to dismiss must be considered on the assumption that all of these allegations can be proved. If so, a claim is stated on which relief can be granted.

Accordingly, defendant's motion to dismiss is denied.

---

**2.** Sections 203(s) and 213(a)(1) provide that an enterprise is not covered by the Act unless it has gross sales of goods or services in excess of $500,000.00 for the period from February 1, 1967 through January 31, 1969, and thereafter sales of $250,000. 29 U.S.C. §§ 203(s), 213(a) (1).