22959

Clifford L. BRANDIN, Respondent, v. Eddie STOKES, d/b/a Commercial
Industrial Contractors and Contractors, Inc., Appellants.

(376 S. E. (2d) 280)

Supreme Court

*George A. Kastanes* of *Gertz, Kastanes & Moore,* Colum-
bia, *for appellants.*

*Wm. Reynolds Williams* of *Willcox, Hardee, McLeod, Buyck, Baker & Williams,* Florence, *for respondent.*

Heard Jan. 9, 1989.

Decided Feb. 6, 1989.

CHANDLER, Justice:

Eddie Stokes (Stokes) and Contractors, Inc. appeal a non-jury award to Respondent Clifford L. Brandin (Brandin) of overtime wages found due under the Fair Labor Standards Act (Act), 29 U.S.C.§§ 201-219. We affirm.

In the period 1981-1986 Brandin was shop foreman for Commercial Industrial Contractors, Inc. and its successor, Contractors, Inc. Stokes was owner and president of both companies.

These two companies were subcontractors in plumbing, heating, air conditioning and electricity. Contractors, Inc., in addition, performed "shutdown work," which provided supplemental personnel to light commercial industries.

Stokes directly supervised Brandin in the performance of his duties, approved his vacation and leave time, etc. Brandin registered his complaints regarding overtime pay with Stokes, who refused to pay additional wages.

## ISSUES

1. Is Brandin an employee engaged in interstate commerce as defined in the Act?
2. Is Contractors, Inc. an enterprise engaged in interstate commerce as defined in the Act?
3. Is Stokes, *individually,* an employer as defined in the Act?

## I. EMPLOYEE ENGAGED IN INTERSTATE COMMERCE

The Act's overtime provision, contained in § 207(a), reads as follows:

(1) Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, *or is employed in an enterprise engaged in commerce or in the production of goods for*

*commerce,* for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed. [Emphasis supplied].

Appellants contend the Act does not apply to Brandin because the record is devoid of evidence that he himself performed any services in interstate commerce. The Circuit Court, however, correctly found the Act applicable under the "enterprise" provision, emphasized in the above quotation.

One employed in a business which qualifies as an enterprise is covered by the Act, whether or not the employee is engaged in interstate activities. *Shultz v. Poirier,* 300 F. Supp. 1156 (E. D. La. 1969). Since coverage here was based upon the "enterprise" provision, it is unnecessary that Brandin himself be engaged in interstate commerce.

## II. CONTRACTORS, INC. AS ENTERPRISE ENGAGED IN INTERSTATE COMMERCE

■ Appellants next challenge the finding that Contractors, Inc. was an enterprise engaged in interstate commerce.

The definition of an enterprise engaged in interstate commerce in Section 203(s)(4) includes one which "is engaged in the business of construction or reconstruction, or both." The Circuit Court's finding that Contractors, Inc. was engaged in the construction business is supported by the record and will not be disturbed on appeal. *Townes Association, Ltd. v. City of Greenville,* 266 S. C. 81, 221 S. E. (2d) 773 (1976) [scope of review in law cases].

## III. STOKES AS EMPLOYER

■ Appellants finally contend the Court erred in finding that Stokes, in his individual capacity, was an employer under the Act.

Section 203(d) provides that an employer includes "any person acting directly or indirectly in the interest of an employer in relation to an employee. . . ." This definition encompasses a corporate officer who actively participates in management of a corporation's business. *See, e.g. Donovan v. Grim Hotel Co.,* 747 F. (2d) 966 (5th Cir. 1984); *Chambers*

*Constr. Co. v. Mitchell,* 233 F. (2d) 717 (8th Cir. 1956); *Brennan v. Whatley,* 432 F. Supp. 465 (E. D. Tex. 1977); *Shultz v. Chalk-Fitzgerald Constr. Co.,* 309 F. Supp. 1255 (D. Mass. 1970).

The evidence of his relationship to Brandin fully supports the finding that Stokes is an employer within the meaning of the Act.

Affirmed.

GREGORY, C. J., and HARWELL, FINNEY and TOAL, JJ., concur.