Ted KOWALSKI, Plaintiff,

v.

KOWALSKI HEAT TREATING, COMPANY, Defendant.

No. 1:93CV2578.

United States District Court, N.D. Ohio.

March 27, 1996.

802

Mark P. Herron, Cleveland, OH, for plaintiff.

Alan S. Belkin, Law Offices of Alan S. Belkin, Cleveland, OH, for defendant.

## MEMORANDUM OPINION

ECONOMUS, District Judge.

This case is brought by the Plaintiff, Ted Kowalski, under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.*, to recover unpaid overtime compensation. Pending currently before the Court are three motions; (1) Defendant's Motion to Dismiss; (2) Defendant's Motion for Summary Judgment; and (3) Plaintiff's Motion for Partial Summary Judgment. Each of the motions will be addressed within this memorandum opinion.

Plaintiff, Ted Kowalski (Kowalski) was hired by The Kowalski Heat Treating Company (Company) on May 13, 1991 as a plant manager trainee and was trained in many aspects of the defendant's business. He successfully completed his training period on September 5, 1991 and was named plant manager. He then became responsible for the supervision of four full-time employees.

On or about September 21, 1991 many employees were laid off due to declining business. The only full-time employees retained were Robert Kowalski (president), his son Stephen Kowalski (vice-president), and the plaintiff (no relation). Kowalski was told that he would be required to work additional hours beyond the normal forty-hour work week. He agreed to the conditions. Thereafter, his hours increased substantially to the point where he worked in excess of sixty hours per week. He was not paid overtime for these additional hours. However, his salary increased almost 25% during the next two years.

On June 15, 1993, Kowalski was suspended for one day, without pay, for leaving the plant prior to completing his duties. On that same day, he submitted a three-page response to the suspension in which he stated that he had been working sixty-hour weeks for more than twenty months and was being paid for only a forty-hour week. He further advised his superiors that he would protect his interests as an employee and that he was forwarding a copy of his letter to the U.S. Department of Labor. Kowalski never forwarded a copy of the letter to any government agency prior to his discharge. On September 24, 1993, he was discharged, allegedly on the basis of tardiness.

## I. Defendant's Motion to Dismiss

The Fair Labor Standards Act (FLSA) passed by Congress in 1938, is a comprehensive remedial scheme requiring a minimum wage and limiting the maximum number of hours worked. The FLSA prohibits employers from employing any worker for a work week longer than forty hours unless the employee receives compensation for employment in excess of forty hours. 29 U.S.C. § 207(a)(1). Such compensation must be at a rate not less than one and one half times the regular rate at which the employee is employed. *Id.*

The Company moves for dismissal of all claims alleged by Kowalski to have arisen during the period from March 1, 1991 through May 31, 1993 on the grounds of lack of subject matter jurisdiction. The Company argues that it does not come within the coverage of the FLSA because it had gross revenue from sales of less than $500,000 annually during that period. Kowalski does not dispute that the Company's gross sales revenue was less than $500,000 annually during the relevant time period. Instead, he argues that he is still protected by the FLSA because he was personally engaged in the production of goods for commerce on a regular and recurring basis.

There are essentially two ways in which employees gain protection under the FLSA. First, employees may be employed in an enterprise engaged in commerce or the production of goods for commerce and thus

enjoy "enterprise coverage." [1] Second, employees may themselves be engaged in commerce or in the production of goods for commerce, enjoying "individual" coverage.[2] Kowalski seeks protection under the second of these two coverage options provided by the FLSA.

■ While it is true that Section 203(s) was inserted into the Act to exempt small businesses from the scope of the provisions of the FLSA, the fundamental purpose of the Act is to encourage employers to distribute work among a larger number of employees rather than to work employees overtime. *Heaton v. Moore*, 43 F.3d 1176, 1181 (8th Cir.1994) *cert. denied,* — U.S. —, 115 S.Ct. 2249, 132 L.Ed.2d 257 (1995). Courts have consistently construed the FLSA liberally to apply to the farthest reaches consistent with congressional direction. *Tony & Susan Alamo Foundation v. Secretary of Labor,* 471 U.S. 290, 296, 105 S.Ct. 1953, 1959, 85 L.Ed.2d 278 (1985). This liberal construction is based on the recognition that broad coverage is essential to accomplish the goal of outlawing from interstate commerce goods produced under conditions that fall below minimum standards of decency. *Id.*

■ The Company contends that the Congressional intent of exempting small businesses from FLSA coverage is defeated if Kowalski is permitted to proceed with his claim under the "individual" coverage of the FLSA. The Court does not agree. Through its passage of the FLSA, Congress established two types of coverage for employees, enterprise and individual. Each of these coverages hinge on the company engaging in interstate commerce. The fact that an employee cannot assert "enterprise" coverage because the company has annual sales revenue of less than $500,000 does not also require a finding, as the defendant suggests, that the company does not engage in interstate commerce. The Court has found no authority to support the proposition that the individual coverage provided under Section 207 defeats the purposes of the FLSA.

■ Further, the evidence presented shows that Kowalski was an employee engaged in the production of goods for interstate commerce. His work involved, in part, preheating, austenitizing, and tempering steel and then preparing it for shipment to customers, some of whom were located outside of Ohio. The evidence shows that he was an employee sufficiently engaged in the production of goods for interstate commerce, thus qualifying for individual coverage under the FLSA. Therefore, the Court finds that it has subject matter jurisdiction and the motion to dismiss must be denied.

## II. Defendant's Motion for Summary Judgment

The Defendant brings a motion for summary judgment on the plaintiff's claims that he was discharged in retaliation for plaintiff's protected FLSA activities and that the Company's opposition to the unemployment compensation claim was also a retaliatory act.

Fed.R.Civ.P. 56(c) governs summary judgment and provides:

The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions

---

1. Section 3(s) of the Fair Labor Standards Act provides in relevant part:

   (s)(1) "Enterprise engaged in commerce or in the production of goods for commerce" means an enterprise that—

   (A)(i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or material that have been moved in or produced for commerce by any person; and

   (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

2. Section 207(a)(1) of the Fair Labor Standards Act provides in relevant part:

   (a) **Employees engaged in interstate commerce** ...

   (1) Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law ...

■ The party moving for summary judgment bears the burden of showing the absence of a genuine issue as to any material fact, and for these purposes, the evidence submitted must be viewed in the light most favorable to the nonmoving party to determine whether a genuine issue of material fact exists. *Talley v. Bravo Pitino Restaurant, Ltd.*, 61 F.3d 1241, 1245 (6th Cir.1995).

■ The burden on the nonmoving party may be discharged if the moving party demonstrates that the nonmoving party has failed to establish an essential element of his case for which he bears the ultimate burden of proof at trial. *Morales v. American Honda Motor Co., Inc.*, 71 F.3d 531, 535 (6th Cir.1995). If the moving party meets this burden, only then must the nonmoving party present more than a scintilla of evidence in support of his position. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986). Summary judgment must be granted unless there is sufficient evidence favoring the nonmoving party for a judge or jury to return a verdict for that party. *Id.* at 249, 106 S.Ct. at 2510–11.

■ The principles enunciated by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973) are applicable to this case. Under this standard the plaintiff must first establish a prima facie case of retaliation. To establish a prima facie case, the plaintiff must show (1) that he engaged in a statutorily protected activity; (2) an adverse employment action occurred; and (3) a causal link between the two. *Canitia v. Yellow Freight System, Inc.*, 903 F.2d 1064, 1066 (6th Cir.1990), *cert. denied*, 498 U.S. 984, 111 S.Ct. 516, 112 L.Ed.2d 528 (1990). If a prima facie case is established, the defendant must then produce evidence that demonstrates a legitimate reason for terminating the plaintiff. *Id.* at 1066. If this next step is satisfied, the plaintiff must then demonstrate that the proffered reason was not the true reason

for the discharge but was instead a pretext. *Id.*

The Company argues that the only evidence of protected activity is a letter from Kowalski to the defendant which contained merely "oblique allusions" to FLSA violations. According to the Company, this letter does not provide a sufficient basis on which to support a retaliation claim under 29 U.S.C. § 215(a)(3). However, this circuit has held that complaints made to a supervisor are sufficient to trigger protected status because "the Act also applies to the unofficial assertion of rights through complaints at work." *E.E.O.C. v. Romeo Community Schools* 976 F.2d 985, 989 (6th Cir.1992) (quoting *Love v. RE/MAX of America, Inc.*, 738 F.2d 383 (10th Cir.1984)).

The Company next argues that even if this letter is found to constitute statutorily protected activity, plaintiff cannot establish a causal link between the protected activity and Kowalski's termination. It emphasizes that the most common form of circumstantial evidence of causality is a demonstration that the adverse employment action so closely followed the protected activity as to justify an inference of retaliatory motive. Because the termination occurred more than three months after the alleged protected activity, the Company argues that a causal link cannot be established.

■ A plaintiff alleging retaliatory discharge need only introduce evidence from which an inference can be drawn that he would not have been discharged had he not filed a discrimination charge. *Jackson v. RKO Bottlers of Toledo, Inc.*, 743 F.2d 370, 374 (6th Cir.1984), *cert. denied*, 478 U.S. 1006, 106 S.Ct. 3298, 92 L.Ed.2d 712 (1984). The proximity in time between the protected activity and the adverse employment action may give rise to an inference of a causal connection. *Burrus v. United Telephone Co. of Kansas, Inc.*, 683 F.2d 339, 343 (10th Cir.1982), *cert. denied*, 459 U.S. 1071, 103 S.Ct. 491, 74 L.Ed.2d 633 (1982).

Kowalski was not terminated until more than three months had passed since his one day suspension and subsequent letter to his superiors. However, the absence of close proximity between the protected activity and

the adverse employment action is not the only evidence which can create an inference of a causal connection.

▇ There is evidence that the Company did not follow its own procedures when it terminated Kowalski. Further, it was aware of his allegations of FLSA violations through a meeting with him and the letter he sent to his superiors. Finally, there is at least some question as to whether the true reason for the discharge was Kowalski's tardiness. Viewing these facts in a light most favorable to the plaintiff, there are sufficient grounds to draw an inference that he would not have been discharged had he not filed a claim, thus precluding summary judgment. The same facts preclude a definitive finding that the Company had a legitimate, non-retaliatory reason for terminating the plaintiff.

The Company also seeks summary judgment on Kowalski's claim that the Company's opposition to his application for unemployment compensation constituted unlawful retaliation. The Company states that it believed it terminated Kowalski for just cause. Termination for just cause would deprive him of unemployment compensation benefits rights. Ohio Rev.Code Ann. § 4141.29(2)(a) (Baldwin 1995). It therefore opposed his application for benefits.

▇ Kowalski's attempt to characterize the Company's opposition to the granting of unemployment benefits as retaliation in the form of harassment is not in line with the types of conduct the FLSA is designed to protect. The Company is entitled to oppose or appeal decisions of the Unemployment Compensation Board. Ohio Rev.Code Ann. § 4141.28 (Baldwin 1995). An employer is an interested party to decisions before the Unemployment Compensation Board and is entitled to notice and opportunity to be heard before a board of review in respect to all claims filed for unemployment compensation benefits. *Village of Moscow v. Ohio Unemployment Compensation Board of Review,* 23 Ohio Misc.2d 15, 16, 491 N.E.2d 744, 746 (1985). An employer may file an appeal from a decision of the unemployment compensation board of review. Ohio Rev.Code Ann. § 4141.28(O) (Baldwin 1995). To classify an appeal of such a decision by the Company as

harassment or retaliatory conduct would be to stretch the protections offered by Section 215(a)(3) of the FLSA beyond its intended limits. For this reason this claim must fail and summary judgment must be granted on this issue.

### III. Plaintiff's Motion for Partial Summary Judgment

In his motion for partial summary judgment, Kowalski asserts that no genuine issue of material fact exists as to his claim of unpaid overtime compensation, and that pursuant to the FLSA and Ohio law he is entitled to judgment as a matter of law both as to liability and amount of damages. Kowalski further asserts that he is entitled to summary judgment on his claim for liquidated damages. Finally, he seeks a judgment that this action is governed by the three-year statute of limitations period applicable to willful violations of the FLSA, 29 U.S.C. § 255(a). The Court will address the statute of limitations issue first.

▇ Under the FLSA, an ordinary violation is subject to a two-year statute of limitations. *McLaughlin v. Richland Shoe Co.,* 486 U.S. 128, 135, 108 S.Ct. 1677, 1680, 100 L.Ed.2d 115 (1988). Where a violation is "willful," a three-year statute of limitations applies. *Id.* In order to prove a willful violation, the plaintiff must prove that the employer knew or showed a reckless disregard for the matter of whether its conduct was prohibited by the FLSA. *Id.* at 134, 108 S.Ct. at 1682. The issue of willfulness in relation to the applicable statute of limitations is to be treated the same as any other factual determinations routinely submitted to a jury. *Fowler v. Land Management Groupe, Inc.,* 978 F.2d 158, 163 (4th Cir. 1992). The statute of limitations does not pertain to the scope of the action (i.e. liability for unpaid wages) but to whether the action may be brought at all. *Professional Firefighters Ass'n of Clayton v. Clayton,* 759 F.Supp. 1408, 1413 (E.D.Mo.1991).

▇ Whether the statute of limitations is two years or three years is not relevant to this action. Kowalski asserts that the first violation occurred on Septem-

ber 23, 1991. From that time through September 24, 1993, he claims that he was entitled to overtime compensation for hours worked over the forty hour limit. He filed his lawsuit on December 2, 1993. The failure of an employer to pay overtime in accordance with the FLSA constitutes a continuing violation, so that a new cause of action accrues with each paycheck. *Gandy v. Sullivan County, Tenn.*, 24 F.3d 861, 864 (6th Cir. 1994). Therefore, the statute of limitations did not toll for Kowalski's claims until at least two years after his last paycheck, making the relevant date for statute of limitations purposes September, 24, 1995. This action was filed well within this date.

■ In an action to recover unpaid overtime compensation under the FLSA, the burden rests first on the plaintiff to prove by a preponderance of the evidence that (1) there exists an employer-employee relationship; (2) there was an engagement in activities within coverage of the FLSA; and (3) the defendant failed to pay the plaintiff the overtime pay required by law. Once the plaintiff has made a prima facie case, the burden shifts to the employer to show by a preponderance of the evidence that one of the exemptions afforded by Section 213 of the FLSA applies to the employment in question. 29 U.S.C. § 201 *et seq.*

■ At this juncture, summary judgment cannot be granted because, based on the evidence presented, there is a genuine issue of material fact. The evidence is not so one-sided that a reasonable jury could not find for the Company. This conclusion is based on the following factors. A review of the record reveals that it is not sufficiently clear whether Kowalski qualified for overtime pay, either because of his potential classification as a laborer or because of the bona fide executive exemption. The parties dispute how Kowalski's salaried compensation, supervisory title, and employment duties relate to his classification as either a laborer or a bona fide executive. The fact that he was suspended because of attendance problems under a policy applicable only to employees, not management, while an important factor in determining whether the bona fide executive

exemption is applicable, is not a dispositive fact for this motion.

Moreover, the Court cannot adopt a "compromise" figure, as suggested by Plaintiff, on the number of overtime hours he worked in order to compute overtime compensation. There are simply too many factual issues to be resolved for the Court at this time to reach a firm and accurate conclusion as to the number of overtime hours worked by Kowalski over a twenty month period. The above factors are sufficient to overcome summary judgment.

■ The issue of liquidated damages is dependent on a finding of willful conduct by the Company. Because many of the same disputed factual issues stated above are relevant to a finding of willful conduct, summary judgment must be denied.

Kowalski's claim for overtime compensation under Ohio law is based on Ohio Rev. Code Ann. § 4111.03(A). That section states:

> "An employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's wage rate for hours worked in excess of forty hours in one work week, *in the manner and methods provided for in and subject to the exceptions of [29 U.S.C. § 213] of the Federal Fair Labor Standards Act ...*" (emphasis added)

As this section requires a court to adhere to the manner and methods of the FLSA, it follows that a denial of summary judgment of claims brought under the FLSA also requires a denial of summary judgment of a claim based on the same facts and brought pursuant to Ohio law. Therefore, summary judgment must be denied on this issue as well.

For these reasons, Plaintiff's Motion for Partial Summary Judgment is granted in part and denied in part.

Accordingly, **IT IS ORDERED:**

1) Defendant's Motion to Dismiss is **DENIED;**

2) Defendant's Motion for Summary Judgment is **DENIED in part** and **GRANTED in part;** and

3) Plaintiff's Motion for Partial Summary Judgment is **DENIED.**

An appropriate order will accompany this memorandum opinion.

## ORDER

In accordance with the memorandum opinion this day filed, **IT IS ORDERED:**

1) Defendant's Motion to Dismiss (Dkt. # 29) is **DENIED;**

2) Defendant's Motion for Summary Judgment (Dkt. # 40) is **DENIED in part** as to Plaintiff's claim of retaliatory discharge and **GRANTED in part** as to Plaintiff's claim that the Company's opposition to the application for benefits constituted unlawful retaliation;

3) Plaintiff's Motion for Partial Summary Judgment (Dkt. # 59) is **DENIED;** and

4) Plaintiff may proceed on all remaining claims.