**Jerome V. ZORICH and Robert Wirkkala, Plaintiffs–Appellants,**

v.

**LONG BEACH FIRE DEPARTMENT AND AMBULANCE SERVICE, INC., Defendant–Appellee.**

No. 95–36099.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 9, 1997.

Decided July 8, 1997.

---

Todd C. Nichols, Codgill Carter, Everett, WA, for plaintiffs–appellants.

William H. Beaver, Karr Tuttle Campbell, Seattle, WA, for defendant–appellee.

* The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

Before: LAY,* BEEZER and TROTT, Circuit Judges.

TROTT, Circuit Judge:

### Overview

Jerome V. Zorich and Robert Wirkkala ("Appellants") brought suit against their employer, Long Beach Fire Department and Ambulance Services ("Long Beach"), seeking regular and overtime wages under the Fair Labor Standards Act ("FLSA"), 28 U.S.C. § 206, and state law. The district court granted summary judgment in favor of Long Beach on Appellants' FLSA claim, concluding that Long Beach did not qualify as an "enterprise" covered by the FLSA. An employee who engages in interstate commerce, however, is individually covered by the FLSA regardless of whether his employer qualifies as an "enterprise." The district court erred in granting summary judgment solely on the ground that Long Beach was not a covered "enterprise" without considering whether the Appellants are individually covered. We therefore reverse the grant of summary judgment and remand to the district court to determine whether Appellants are individually covered by the FLSA because they engage in interstate commerce.

### Background

Appellant Zorich is presently employed as a paramedic by Long Beach. Appellant Wirkkala was formerly employed in the same capacity. Long Beach paramedics work four consecutive twenty-four-hour shifts weekly. In each twenty-four-hour period, a paramedic spends four hours on site at the station and twenty hours on-call. Appellants filed a Complaint alleging that their on-call time is compensable pursuant to the FLSA, 29 U.S.C. § 201 et seq., and the Washington Minimum Wage Act, Wash. Rev.Code §§ 49.46, 48.48, and 49.52, and that Long Beach owed them additional regular and overtime pay for time they spent on-call.

Long Beach moved for summary judgment on the grounds that: 1) the FLSA did not

apply to it because it did not meet the minimum revenue requirement set forth in 29 U.S.C. § 203(s)(1), and 2) on-call employees are statutorily barred from bringing suit under the Washington Minimum Wage Act. The district court granted summary judgment on the FLSA claim, finding "that the defendant does not meet the dollar limitation threshold of $500,000 in annual gross volume of sales made or business done as defined in 29 U.S.C. § 203(s)(1)(A)." The court then declined to exercise supplemental jurisdiction over the remaining state-law claim and dismissed it without prejudice. Appellants appeal the district court's grant of summary judgment on the FLSA claim.

## Standard of Review

■ We review a grant of summary judgment de novo. *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir.1996). We must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. *Id.*

## Discussion

■ We must determine whether an employee who engages in commerce is individually covered by the FLSA regardless of whether his employer qualifies as a covered enterprise. After examining the text of the FLSA, its legislative history, the regulations, and the relevant case law, we conclude that such an employee is covered.

The Fair Labor Standards Act provides:

Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, *or* is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates....

29 U.S.C. § 206(a) (emphasis added). The Act defines "enterprise engaged in commerce or in the production of goods for commerce" to include, inter alia, "an enterprise whose annual gross volume of sales made or business done is not less than $500,000." 29 U.S.C. § 203(s)(1). The parties agree that Long Beach does not meet this threshold

dollar requirement and therefore is not a covered enterprise.

Long Beach argues that in order for employees to fall within the protections of the FLSA, their employer must be a covered enterprise. Appellants, on the other hand, assert that the FLSA covers employees by two independent means: 1) individually, if they are "engaged in commerce or in the production of goods for commerce," or 2) through their employer, if they are "employed in an enterprise engaged in commerce or in the production of goods for commerce." Appellants are correct that the FLSA covers employees both individually and through their employers.

■ The FLSA originally protected only employees who individually qualified for coverage-employees who were "engaged in commerce or in the production of goods for commerce." In 1961, Congress amended the Act to cover employees of enterprises engaged in interstate commerce. Pub.L. No. 87–30 § 5, 75 Stat. 67. The purpose of the legislation was "to strengthen and extend the scope" of the FLSA by extending the benefits of the law to additional employees. S.Rep. No. 145, 87th Cong., 1st Sess. (1961), *reprinted in* 1961 U.S.C.C.A.N. 1620, 1620–21. Describing the impact of the addition of enterprise coverage, the Committee stated:

This extension of the act's coverage would be accomplished without departing from the act's present basis of coverage: engagement in "commerce" or in the "production of goods for commerce." Employees individually engaged in such activities, unless specifically exempt, would continue to enjoy the act's benefits.

*Id.* at 1644.

Notably, the statute separates these two categories with the disjunctive "or" rather than with "and," indicating that Congress intended the Act to apply to an employee either individually or through his employer. Although Congress' use of the disjunctive is not determinative, Appellants' interpretation gives meaning to the literal meaning of the term "or" without defeating Congress' intent. *See* 1A Norman J. Singer, *Sutherland Statutory Construction* § 21.14 (5th ed. Supp.

1996) ("The literal meaning of these terms ["and" and "or"] should be followed unless it renders the statute inoperable or the meaning becomes questionable.").

To support its argument that employees cannot individually qualify for FLSA coverage when the employer does not qualify as an enterprise, Long Beach points to the Supreme Court's statement in *Maryland v. Wirtz:*

> In 1961, Congress *changed the basis of employee coverage:* instead of extending protection to employees individually connected to interstate commerce, the Act now covers all employees of an "enterprise" engaged in commerce or production for commerce, provided the enterprise also falls within certain listed categories.

392 U.S. 183, 186, 88 S.Ct. 2017, 2018, 20 L.Ed.2d 1020 (1968) (emphasis added). The Court explained that "the effect of the 1961 change was *to extend protection* to the fellow employees of any employee who would not have been protected by the original Act, but not to enlarge the class of employers subject to the Act." *Id.* at 188, 88 S.Ct. at 2020 (emphasis added). However, the issue before the Court in *Maryland v. Wirtz* was whether Congress exceeded its powers under the Commerce Clause by 1) expanding the FLSA's coverage through the "enterprise concept" and 2) removing the exemption for States with respect to certain employees. *Id.* at 187, 88 S.Ct. at 2018–19. The Court was not concerned with whether the amendments preserved an employee's individual coverage regardless of whether his employer qualified as an enterprise. Thus, in describing the amendments, the Court understandably focused on the effect of adding enterprise coverage and not on the individual coverage which was not altered.

The regulations governing the FLSA support Appellants' argument that individual employee coverage survived the addition of enterprise coverage:

> This subpart, which was adopted before the amendments of 1961 and 1966 to the Fair Labor Standards Act, is limited to discussion of general coverage of the Act on the traditional basis of engagement by individual employees "in commerce or in the production of goods for commerce". The 1961 and 1966 amendments broadened coverage by extending it to other employees on an "enterprise" basis, when "employed in an enterprise engaged in commerce or in the production of goods for commerce" as defined in section 3(r), (s), of the present Act. *Employees covered under the principles discussed in this subpart remain covered under the Act as amended;* however, an employee who would not be individually covered under the principles discussed in this subpart may now be subject to the Act if he is employed in a covered enterprise as defined in the amendments.

29 C.F.R. § 776.0 (1996); *see id.* § 776.2 ("[Coverage] thus becomes primarily an individual matter as to the nature of the employment of the particular employee.").

Moreover, several courts have interpreted section 206 to provide for both individual coverage and enterprise coverage. Reviewing the scope of the FLSA, the Ninth Circuit has noted that "[i]n 1961 the FLSA was amended to provide a second basis for coverage." *Donovan v. Scoles,* 652 F.2d 16, 18 (9th Cir.1981) (focusing on whether employer was engaged in interstate commerce and thus was a covered enterprise). In *Shultz v. Poirier,* 300 F.Supp. 1156 (E.D.La.1969), the Secretary of Labor alleged that the defendant's employees were subject to the FLSA because they were engaged in interstate commerce. The defendant responded that his business did not meet the minimum revenue requirement and was therefore exempt from the Act. After reviewing the original act and the amendments, the court determined that "[t]hese amendments left the existing law on individual employee coverage unchanged." *Id.* at 1158. The court then concluded that "[t]he Act provides for individual coverage of employees regardless of their employer's status under the Act and the nature of their employer's business." *Id.* As a result, the court ruled that the Secretary had stated a FLSA claim.

Similarly, the court in *Kowalski v. Kowalski Heat Treating, Co.,* 920 F.Supp. 799 (N.D.Ohio 1996), recognized that there are "two ways in which employees gain protec-

tion under the FLSA"-enterprise coverage and individual coverage. *Id.* at 802–03. The defendant claimed that because it did not meet section 203(s)(1)'s minimum gross revenue requirement, it was not subject to the FLSA. The court ruled that because the plaintiff was an employee engaged in the production of goods for interstate commerce, he qualified for individual coverage regardless of the fact that his employer did not qualify for enterprise coverage. *Id.* at 803; *see also Wirtz v. Durham Sandwich Co.*, 367 F.2d 810, 812 (4th Cir.1966) ("Since we conclude that Davis was engaged in commerce within the meaning of the Act, we find it unnecessary to consider whether he would also be covered under the 1961 Amendments, which broadened the. Act's coverage. . . ."); *Hodgson v. Hyatt Realty & Investment Co.*, 353 F.Supp. 1363 (M.D.N.C.1973) (separately examining individual employee coverage and enterprise coverage to determine whether the FLSA applied).

Finally, Long Beach contends that Appellants' interpretation of section 206 "defies basic rules of statutory construction," because statutes should be construed so that no portion is superfluous. They argue that Appellants' interpretation that an employee can be individually covered regardless of his employer's qualification as an enterprise renders the $500,000 threshold requirement "virtually meaningless" because the reach of commerce is so broad that "virtually every employee in every occupation would be covered by the FLSA" individually. Regardless of how "commerce" is construed, interpreting the clauses to function independently and to provide two separate means of qualifying for coverage does not render either requirement superfluous. In fact, under Long Beach's interpretation, the first clause of the statute providing coverage to an employee who "is engaged in commerce or in the production of goods for commerce" is rendered superfluous. If an employer must be an enterprise in order for its employees to be covered, and all employees whose employers qualify as

enterprises engaged in commerce are covered (pursuant to the 1961 amendments), then the first clause serves neither to exclude nor to include anyone.

The language and structure of the statute, the legislative history, the regulations, and the relevant case law all support the Appellants' interpretation of section 206: that the FLSA provides two independent types of coverage, and that an employee who engages in commerce is individually covered regardless of whether his employer qualifies as a covered enterprise.

### CONCLUSION

In granting summary judgment solely because Long Beach did not meet the minimum revenue requirement to qualify as a covered enterprise, the district court failed to consider whether Appellants were individually covered by the FLSA. Because an employee's individual coverage based on work in commerce is not dependent upon whether the employer qualifies as an enterprise, we reverse the grant of summary judgment and remand so that the district court can consider whether Appellants are individually covered and, if so, can proceed with the case.[1]

---

**1.** Appellants devote considerable attention to whether their work qualifies as being in interstate commerce and whether their on-call time is compensable. Because Long Beach moved for, and the district court granted, summary judg-

ment based solely on the enterprise argument, neither Long Beach nor the district court has considered these additional questions. We therefore decline to reach these issues, which are more properly decided by the district court.