John W. CHILDRESS, Jr., Appellant,

v.

EARL WHITLEY ENTERPRISES, INC., and Earl Whitley, individually and as President of Earl Whitley Enterprises, Inc., Appellees.

No. 11365.

United States Court of Appeals
Fourth Circuit.

Argued Nov. 10, 1967.

Decided Jan. 8, 1968.

Joseph G. Hitselberger, Arlington, Va., for appellant.

Joel Chasnoff, Attorney, Department of Labor, Charles Donahue, Solicitor of Labor, Bessie Margolin, Associate Solicitor, and Robert E. Nagle, Attorney, Department of Labor, for United States Department of Labor, amicus curiae.

No appearance for appellees.

Before WINTER, Circuit Judge, MARVIN JONES, Senior Judge, U. S. Court of Claims,* and BUTZNER, Circuit Judge.

WINTER, Circuit Judge:

In a suit to enforce payment of overtime compensation as required by the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq., the district court granted a motion to dismiss, on the theory that the Act did not cover plaintiff's alleged activities. A motion to reconsider the dismissal was denied. We reverse and remand the case for further proceedings.

In his complaint,[1] plaintiff described himself as a laborer employed by the corporate defendant, a Virginia corporation engaged in the construction business, during the period April 9, 1964 to August 27, 1964. The individual defendant was described simply as the president of the corporate defendant "exercising supervision and control over its operations and acting directly and indirectly in its interest in relation to its employees." In regard to the corporate defendant, it was alleged

"At all times hereinafter mentioned defendants employed a large number of employees in and about their aforesaid office and place of business and at various work sites in the State of Virginia, in the Construction business. Many of defendants' employees employed at their aforesaid office and place of business and various work sites, have been and are engaged in ordering, keeping account of, paying for, unloading, handling and otherwise working on construction materials purchased and received in interstate commerce from suppliers situated outside of the State of Virginia, and many of

---

\* Sitting by designation of the Chief Justice.

1. We apply the familiar rule that on motion to dismiss, facts alleged in the complaint are taken as admitted. Of course, on remand, facts which may be denied, or, on motions for summary judgment, facts shown to be in dispute, must be proved.

defendants' employees employed at the aforesaid work sites have been and are engaged in transporting, unloading, checking, handling, installing and otherwise working on construction materials received in interstate commerce from States other than States in which such work sites are situated, or in handling or otherwise working on goods which have been moved in or produced for interstate commerce as aforesaid."

It was also alleged that the corporate defendants' annual gross volume from its construction business was not less than $350,000. Plaintiff alleged that during the period of his employment he was required to work for work weeks longer than the maximum work week applicable to him without payment of compensation computed at the rate of one and one-half times his regular rate of pay.[2]

The district judge dismissed the complaint on the authority of Wirtz v. R. E. Lee Electric Co., 339 F.2d 686 (4 Cir. 1964). In that case, *applying the Fair Labor Standards Act in the form in which it existed prior to 1961,* we held that the Secretary of Labor was entitled to an injunction against the employment of workmen for hours in excess of the maximum work week without the payment of overtime only with regard to (a) employees engaged in commerce, (b) employees engaged in the production of goods for commerce in a direct sense, and (c) employees engaged in any closely related process or occupation directly essential to the production of goods for commerce. Thus, we concluded that work on certain buildings was not within the coverage of the Act, because that work was not closely related and directly essential to production of goods for commerce,

and that work on other military installations and buildings was within the coverage of the Act. Injunctive relief was, accordingly, granted in part, and denied in part.

The error on the part of the district judge arose from his failure to recognize that in 1961, Congress, by enacting Pub. L. 87–30, 75 Stat. 65, expanded the coverage of the Act.[3] The 1961 Amendments, *inter alia*, added new definition (s) to § 3 of the Act, 29 U.S.C.A. § 203 (s), and a new subsection (2) to § 7(a) of the Act, 29 U.S.C.A. § 207(a) (2), neither of which was in litigation in the R. E. Lee Electric Co. case, supra. By § 7(a) (2) of the Act, as so amended, insofar as pertinent:

"No employer shall employ any of his employees who in any workweek (i) is employed in *an enterprise engaged in commerce or in the production of goods for commerce,* as defined in section 203(s) (1) or (4) * * * and who, except for the enactment of the Fair Labor Standards Amendments of 1961, would not be within the purview of this subsection * * *.

(A) for a workweek longer than forty-four hours during the third year from the effective date [September 3, 1961] of the Fair Labor Standards Amendments of 1961,

\* \* \* \* \* \*

unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." (Emphasis added.)

The key phrase "enterprise engaged in commerce or in the production of goods for commerce" was in turn defined

---

**2.** Before the motion to dismiss was filed, defendant obtained a more definite statement of the claim. Plaintiff, in it, disclosed that his ad damnum of $706.00 consisted of a claim for overtime in amount of $546.00 and a claim for regular pay improperly withheld in the amount of $160.00.

**3.** The Act has since 1961 been amended twice more, by the Equal Pay Act of 1963, 77 Stat. 56, and the Fair Labor Standards Amendments of 1966, 80 Stat. 830. These latter amendments are not pertinent to this case, except that we note the dollar gross volume test has been eliminated for construction enterprises by the 1966 Amendments, and we concern ourselves only with the Act, as amended in 1961 and as it existed during the period of plaintiff's employment.

by § 3(s) to mean, in the case of an enterprise engaged in the building business, *all* employees where the annual gross volume of the business was not less than $350,000, and where *some* employees, although not necessarily those claiming overtime, were engaged in commerce, or in the production of goods for commerce, "including employees handling, selling or otherwise working on goods that have been moved in or produced for commerce by any person." [4] Simply stated, the 1961 Amendments, by introducing the "enterprise" concept, with the new definition of what was an enterprise "engaged in commerce or in the production of goods for commerce," expanded coverage beyond those employees found to be covered in the *R. E. Lee Electric Co.* case, supra, and extended coverage to all employees of an enterprise where any employee was engaged in commerce or the production of goods for commerce, including those handling, selling or otherwise working on goods that have been moved in or produced for commerce by any person. State of Maryland v. Wirtz, 269 F.Supp. 826 (D.Md. 1967).[5]

When the language and effect of the 1961 Amendments are thus set forth, it is evident that plaintiff alleged sufficient facts in his complaint to render it immune to attack on motion to dismiss based upon the contention that the Act had no application to him. He alleged his employment by an enterprise engaged in commerce or in the production of goods for commerce, his work for hours in excess of those for which only the regular rate of compensation was payable, and non-payment of time and one-half for the excess. Plaintiff must be afforded the opportunity to sustain his allegations.

We note in the complaint the absence of any allegations on which to render the individual defendant personally liable. His liability, if any, was not considered by the district court on any basis other than the erroneous one that the Act, under the allegations made by the plaintiff, had no application to plaintiff. We do not decide whether the complaint as to him should be dismissed on other grounds; nor should our decision be deemed to foreclose their consideration on remand.

Reversed and remanded.

4. So far as pertinent, § 3(s) reads:
 "Sec. 3, As used in this Act—
 *     *     *     *     *
 (s) 'Enterprise engaged in commerce or in the production of goods for commerce' means any of the following in the activities of which employees are so engaged, including employees handling, selling, or otherwise working on goods that have been moved in or produced for commerce by any person:
 *     *     *     *     *
 (4) any such enterprise which is engaged in the business of construction or reconstruction, or both, if the annual gross volume from the business of such enterprise is not less than $350,000 * * *"

5. The defendants have not appeared in this appeal and there has been no challenge to the constitutionality of the "enterprise concept" of the 1961 Amendments. We do not decide the question but we note that three district courts, two of this circuit, have upheld its validity. State of Maryland v. Wirtz, supra; Wirtz v. Edisto Farms Dairy, 242 F.Supp. 1 (D.C.S.C.1965); Goldberg v. Ed's Shopworth Supermarket, Inc., 214 F.Supp. 781 (W.D.La.1963). The *State of Maryland* case, which was decided by a three-judge court, is presently before the Supreme Court on appeal. Probable jurisdiction has been noted, and the case placed on the summary calendar. 389 U.S. 1031, 88 S.Ct. 772, 19 L.Ed.2d 819 (1968).