**Charles FARRELL, Plaintiff,**

v.

**David V.B. PIKE, Rhonda W. Pike, and Witherspoon–Pike Enterprise, Inc. d/b/a Witherspoon Rose Culture, Inc., Defendants.**

No. 1:03 CCV 01055.

United States District Court, M.D. North Carolina.

Nov. 16, 2004.

Robert James Willis, Raleigh, NC, for Plaintiff.

Curtis Scott Holmes, Ortiz–Childers & Holmes, P.L.L.C., Durham, NC, for Defendants.

## ORDER

BEATY, District Judge.

On October 14, 2004, the United States Magistrate Judge's Recommendation was filed and notice was served on the parties pursuant to 28 U.S.C. § 636. No objections were filed within the time limits prescribed by Section 636.

Therefore, the Court need not make a *de novo* review and the Magistrate Judge's Recommendation is hereby adopted.

**IT IS THEREFORE ORDERED** that defendants' motion to dismiss (docket no. 15) be, and the same hereby is, denied.

## ORDER AND RECOMMENDATION OF MAGISTRATE JUDGE ELIASON

ELIASON, United States Magistrate Judge.

This matter comes before the Court on defendants' motion to dismiss the complaint for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1), and also pursuant to Fed.R.Civ.P. 12(b)(6) for failing to state a claim upon relief may be granted. The Court will also entertain plaintiff's motion to strike defendants' answer to the complaint. The Court will first address defendants' motion to dismiss.

### I.

#### Motion to Dismiss

Defendants' motion to dismiss for lack of subject matter jurisdiction made pursuant to Rule 12(b)(1) may be quickly resolved. This action involves plaintiff's claim that he was due overtime wages pursuant to federal and state law. The alleged federal violation arises under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). Defendants argue that the complaint fails to state facts showing that plaintiff's work or his employer had sufficient connection to interstate commerce and, therefore, the Court

lacks subject matter jurisdiction over this action. However, as plaintiff points out, jurisdiction of the federal claim is premised on 28 U.S.C. § 1331, which gives federal courts jurisdiction to hear matters which raise a federal question. The FLSA, in Section 216(b), specifically states that proceedings under Section 206 or 207 may be brought in federal or state court. The Court does not understand defendants to be arguing that the FLSA is unconstitutional for exceeding Congress' authority under the Commerce Clause of the Constitution.

In *Gonzalez v. Cauley*, 5:99–CV–406–BR(3) (E.D.N.C. June 1, 2000), Judge Britt faced a similar question where the defendants argued that the Court had no jurisdiction over the cause of action because they were not an enterprise engaged in commerce, inasmuch as their gross volume of sales was less than $500,000.00. However, Judge Britt found that by pleading a violation of Section 207, this gave the Court subject matter jurisdiction by virtue of either 28 U.S.C. § 1331 for actions arising under the laws of the United States or 28 U.S.C. § 1337 providing for jurisdiction over acts of Congress which involve regulating commerce. Whether the plaintiff could prove all the elements of the claim, such as the defendant's gross revenue, was a matter to be decided at a later date. This Court agrees with that reasoning and, therefore, that part of defendants' motion should be denied. The Court will next examine whether plaintiff has stated a claim upon which relief may be granted. Fed.R.Civ.P. 12(b)(6).

■ Congress did not intend to legislate to the full extent and breadth of its authority under the Commerce Clause when it enacted the FLSA. *McLeod v. Threlkeld,* 319 U.S. 491, 493, 63 S.Ct. 1248, 87 L.Ed. 1538 (1943). Therefore, it will not be enough for plaintiff to just show some effect on interstate commerce in order to

succeed. He will have to meet the more stringent requirements of the FLSA. Therefore, the next question is whether plaintiff has alleged facts sufficient to assert a claim under the FLSA. The Court will now address that part of the motion.

Defendants claim that the matter should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6). A motion to dismiss cannot succeed " 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " *Republican Party of North Carolina v. Martin,* 980 F.2d 943, 952 (4th Cir.), *cert. denied,* 510 U.S. 828, 114 S.Ct. 93, 126 L.Ed.2d 60 (1993), *quoting Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Further, the Court must assume that the allegations in the complaint are true and construe them in the light most favorable to plaintiff. *Id.*

Defendants allege that there are insufficient facts set out in the complaint to support the elements of a FLSA violation. Plaintiff disagrees. He points out that the complaint alleges that he worked for defendants and that the business was an enterprise engaged in commerce as defined by 29 U.S.C. § 203(s)(1). Plaintiff states the general time period he was employed, that he was a route manager who tended roses for the customers of defendants, that for a substantial number of days he worked in excess of eight hours, that he did not solicit business for the sale, planting, or tending of the roses or services incidental to the same, and that for most, if not all, of the work weeks in question he worked in excess of forty hours and yet did not receive wages as required by 29 U.S.C. § 207.

■ With respect to the hours and days in question, the Court previously denied defendants' motion for a more definite statement, but permitted defendants to ask special interrogatories pertaining to

438

that information. However, because such information should be more accurately contained in defendants' records, the Court also required defendants to provide plaintiff with his employment record so that plaintiff could accurately answer the interrogatories. Defendants then filed an answer and the instant motion. To the extent the motion to dismiss is based on any part of the fact that plaintiff has not set out the days and hours in order to calculate the amount of alleged unpaid overtime, said basis for dismissal should be denied, inasmuch as that matter was already covered by the Court's ruling on defendants' motion for a more definite statement. Therefore, the only question before the Court at this time is whether plaintiff has made sufficient allegations that the employer with whom he worked was an enterprise engaged in commerce. (It should be noted that at no time does plaintiff argue that he performed work wherein he "engaged in commerce or in the production of goods for commerce.") 29 U.S.C. § 207(a)(1). Instead, plaintiff bases his claim on the fact that he was "employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 203(s)(1). (Pl.'s Resp. Brf. at 8) [1]

In alleging an "enterprise violation of the FLSA," plaintiff need not set out a complete description of the interstate activities or the exact gross revenue of defendants. A complaint is sufficient if it identifies the specific sections of the Act which are at issue, along with the nature of the violations and the time period involved, *Hodgson v. Virginia Baptist Hospital, Inc.*, 482 F.2d 821, 823–824 (4th Cir.1973);

*Donovan v. Abrams Bar B.Q. of Pinetops, Inc.*, No. 82–69–CIV–8, 1983 WL 2014 (E.D.N.C. Apr. 29, 1983), and the plaintiff alleges that there is more than one employee. *Robertson v. Dailey Elec., Supply Co.*, 369 F.Supp. 1069 (N.D.Tex.1974). It is true that plaintiff has not alleged the details and type of interstate activity, nor the value of sales. However, that is not necessary when the plaintiff alleges enterprise coverage under 29 U.S.C. § 207(s)(1) because of the nature of such a violation.

In 1961, Congress expanded FLSA coverage to all employees of a business if some employee engages in or produces goods for commerce. *See* n. 1. As the Ninth Circuit held in *Donovan v. Scoles*, 652 F.2d 16 (9th Cir.1981), *cert. denied*, 455 U.S. 920, 102 S.Ct. 1276, 71 L.Ed.2d 460 (1982):

The clear language of this amendment indicates that even a business engaged in purely intrastate activities can no longer claim exemption from FLSA coverage if the goods its employees handle have moved in interstate commerce. The language imposes no requirement that the goods have a present involvement in interstate commerce when they are handled or sold. Instead it broadens coverage to include all employees within the stream of commerce of such goods, even if their own participation remains purely intrastate.

*Id.* at 18 (citations omitted).

When a plaintiff alleges FLSA "enterprise" coverage, the specific information as to the dollar amount of business and the details of all employee activity will

---

1. In 1961, Congress expanded the FLSA from just employees who engage in commerce or the production of goods for commerce to all employees of a business, if any employee handles, sells, or otherwise works on items which have moved in or were produced for commerce. *Donovan v. Scoles*, 652 F.2d 16, 18 (9th Cir.1981), *cert. denied*, 455 U.S. 920, 102 S.Ct. 1276, 71 L.Ed.2d 460 (1982); *Zorich v. Long Beach Fire Dept. and Ambulance Service, Inc.*, 118 F.3d 682, 686 (9th Cir.1997) (citing *Hodgson v. Hyatt Realty & Inv. Co., Inc.*, 353 F.Supp. 1363 (M.D.N.C.1973)).

largely be unknown to the plaintiff, but known to the defendant. Moreover, because of the greatly expanded reach of the FLSA in 1961, most, if not all, businesses will likely fall under the FLSA if the amount of business exceeds a certain threshold. This threshold was enacted to exclude "Mom and Pop" operations from coverage. *Reich v. Gateway Press, Inc.*, 13 F.3d 685, 694 (3d Cir.1994). Therefore, the most salient element of an "enterprise" allegation will be the amount of business a defendant does. That information will most often be in the hands of the defendant. For this reason, an allegation of "enterprise" coverage need not attempt to set out a separate allegation of the defendant's sales or a description of the activities of other employees. In most cases, that would only involve gross speculation and not provide the defendant with meaningful information because the defendant already has knowledge of such information. Therefore, bare bones allegations are acceptable for "enterprise" coverage, and it is best that discovery proceed and the issues concerning gross sales and type of interstate activity be left for summary judgment or trial. Therefore, that part of defendants' motion to dismiss should be denied.

Next, defendants want the Court to dismiss the complaint because, on its face, it allegedly shows that defendants engaged in agriculture as defined by 29 U.S.C. § 203(f), which exempts such work from coverage pursuant to 29 U.S.C. § 213(b)(12). Defendants point to 29 C.F.R. §§ 780.105, -.205, -.206 and -.403 to argue nursery work is primarily agricultural and an employee who does this work is exempt from the FLSA irrespective of the nature of defendants' business or the activities of other employees. However, nothing in the complaint shows that plaintiff only dealt with roses which defendants raised. *See* 29 C.F.R. § 780.206(b) (it is not agriculture when employee tends plants grown by another). Second, the issue of whether defendants are entitled to an exemption is not normally appropriate for resolution in a motion to dismiss. This is because exemptions to the FLSA must be narrowly construed and, moreover, the employer bears the burden of proving that it falls within the exemption. *United States Dept. Of Labor v. North Carolina Growers Ass'n,* 377 F.3d 345, 350 (4th Cir. 2004). As noted earlier, the complaint does not set forth allegations that plainly and without exception entitle defendants to an exemption under the Act. Therefore, this basis for the motion to dismiss should be denied.

Defendants further request that if the Court finds that plaintiff has not set out sufficient facts to withstand a motion to dismiss the FLSA claim, then the Court should also dismiss the State law claims because they are predicated on a FLSA violation. Defendants also cite N.C. Gen. Stat. § 95–25.14(a)(2)(North Carolina Fair Wages and Hours Act) which provides that the State Act does not apply to individuals who are employed in agriculture as defined under the FLSA. Here, defendants argue that if the Court should find defendants engaged primarily in agriculture, which would exempt plaintiff from coverage under the FLSA, then the Court should dismiss the State law claims, inasmuch as State law also exempts such persons from coverage. However, as set out above, the complaint does state a claim for relief under the FLSA and an agricultural exemption contention is premature.

Finally, defendants ask that the Court dismiss plaintiff's claim for attorneys' fees if plaintiff were to prevail because the complaint does not set out the amount in controversy. Defendants contend that the amount in controversy is one factor in determining attorneys' fees. This is true, but the amount in controversy is

merely one of many bases for an award of attorneys' fees, not the only one. *Fegley v. Higgins*, 19 F.3d 1126 (6th Cir.), *cert. denied*, 513 U.S. 875, 115 S.Ct. 203, 130 L.Ed.2d 134 (1994); *Hodgson v. Miller Brewing Co.*, 457 F.2d 221 (7th Cir.1972). Consequently, defendants' assertion that an allegation of the amount in controversy would inform them of the amount of potential attorneys' fees they must face is simply not correct. Furthermore, attorneys' fees may be awarded even though not initially demanded in the complaint. *Marshall v. Quik–Trip Corp.*, 672 F.2d 801, 805 (10th Cir.1982)(citing, *Stroud v. B–W Acceptance Corp.*, 372 F.2d 185, 189 (10th Cir.1967) (attorneys' fees awarded even though not demanded)).

## II.

### *Motion to Strike*

 Plaintiff seeks to strike defendants' answer, alleging that it is legally insufficient because in responding to the complaint, defendants, at various times, said that certain paragraphs in the complaint stated or included a legal conclusion and, therefore, no response was required. For example, plaintiff would like defendants to specifically admit or deny whether they were an enterprise engaged in commerce, and perhaps explain which elements are denied. Instead, defendants stated that the allegation amounted to a legal conclusion for which no answer was required.

Plaintiff bases the motion on Fed. R.Civ.P. 12(f), which provides in pertinent part that "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Defendants correctly note that nothing in their answer could be deemed redundant, immaterial, impertinent, or scandalous. They also claim that the answer did not, in any way, constitute an insufficient defense. With this last statement, the Court must disagree.

Defendants contend that they need not respond to any "legal" allegations and that such a response in their answer does not constitute an insufficient defense. However, the case they cite does not stand for that proposition. *See Hogan v. Consolidated Rail Corp.*, 961 F.2d 1021, 1027 (2d Cir.1992). In that case, the appellate court found that the plaintiff had not set out definite facts which would establish diversity jurisdiction and the defendant did not answer responsively, but instead took the position that it need not respond to allegations of law. The court remanded the matter for the district court to determine jurisdiction. Defendants suggest that because neither the district court nor the Second Circuit *sua sponte* struck the defendant's answer, that this constitutes approval of the defendant's position in that case. The Court disagrees. The issue was neither raised nor decided in that case.

 Defendants' position that a party need not respond to the legal allegations in a complaint is refuted by Fed.R.Civ.P. 8(b) which specifically requires:

> A party shall state in short and plain terms the party's defenses to each claim asserted and shall admit or deny the averments upon which the adverse party relies. If a party is without knowledge or information sufficient to form a belief as to the truth of an averment, the party shall so state and this has the effect of a denial.

Thus, the Rule specifically allows three forms for an answer. In addition, it goes on to give guidance concerning such answers. The Rule requires:

> Denials shall fairly meet the substance of the averments denied. When a pleader intends in good faith to deny only a part or a qualification of an averment,

the pleader shall specify so much of it as is true and material and shall deny only the remainder.

Nothing in this language suggests that a defendant need only respond to the factual allegations of the complaint. Rather, a party must respond to both the factual and legal allegations.

The reason for requiring a response to both the factual and the legal allegations lies in the purpose behind Rule 8. This is succinctly set out by the treatise writers which discuss the Rule. They point out that:

> [A] defendant's pleading should apprise the opponent of those allegations in the complaint that stand admitted and will not be in issue at trial and those that are contested and will require proof to be established to enable the plaintiff to prevail. . . .
>
> . . . . .
>
> If an answer is not sufficiently definite in nature to give reasonable notice of the allegations in the complaint sought to be placed in issue, the opponent's averments may be treated as admitted.

5 Charles A. Wright and Arthur R. Miller, *Federal Practice and Procedure* § 1261, at 526–528 (3rd Ed.2004). As an example, the treatise cites *Sinclair Refining Company v. Howell,* 222 F.2d 637 (5th Cir. 1955), which held that a failure to expressly deny that a decedent was not subject to Alabama's Workmen's Compensation Law constituted an admission. It may be noted that, as is often the case, many pleadings are not purely issues of fact or law, but combinations of fact and law, as in *Sinclair Refining.*

■ Defendants next contend that even if they were required to respond to plaintiff's legal conclusions, the Court should not strike their answer. They point out that motions to strike are disfavored, *citing Farrie v. Charles Town Races, Inc.,* 901 F.Supp. 1101, 1104 (N.D.W.Va.1995); and *First Financial Sav. Bank, Inc. v. American Bankers Ins. Co. of Florida, Inc.,* 783 F.Supp. 963, 966 (E.D.N.C.1991). The Court agrees that a Rule 12(f) motion to strike pleadings should be reserved for egregious violations. 5 Wright & Miller, *supra* § 1261, at 531. This is true even if the Court also permits a party to replead. *Id.* § 1264, at 544–545.

■ The instant case does not present a sufficiently egregious violation of Rule 8 to justify granting the Rule 12(f) motion to strike the answer or requiring a repleading of it. First, defendants, for all but two of the contested paragraphs, deny the allegations in the alternative.[2] As to one of the two special paragraphs, it alleges subject matter jurisdiction and as to it, defendants let plaintiff know that they contested the allegation by filing the instant motion to dismiss. The other paragraph dealt with venue. While it is unlikely that defendants could, in good faith, deny venue, the time for opposing venue has now passed (Fed.R.Civ.P. 12(b)) and so plaintiff has not been prejudiced. The instant situation does not present an egregious violation of Rule 8.

■ Nor does the Court find defendants' tactic of claiming they need not respond to legal conclusions but then de-

---

**2.** It is true, of course, that a defendant wishing to controvert every allegation in the complaint may do so by a general denial. Fed. R.Civ.P. 8(b); 5 Charles A. Wright and Arthur R. Miller, *Federal Practice and Procedure* § 1265, at 546 (3rd Ed.2004). However, situations in which the complaint may be completely controverted will be extremely rare. Rule 8 requires a party to act in good faith, a violation of which could lead to the imposition of sanctions pursuant to Fed.R.Civ.P. 11. Rule 8(e)(2); 5 Wright & Miller, *supra* § 1265.

nying the allegations, amount to some sort of ploy so as to constitute a sufficient violation of Rule 8, thereby requiring the answer to be replead in order to make sure defendants truly, and in good faith, deny all of the allegations. The problem before the Court seems to be somewhat one of plaintiff's own making. Plaintiff elected to file a bare bones complaint which did not allege that defendants' business volume exceeded the threshold amount, nor did it allege the type of interstate activities of other employees. Plaintiff could have, for example, filed a complaint such as that in *Childress v. Whitley Enterprises, Inc.,* 388 F.2d 742, 743–744 (4th Cir.1968). There, the defendant stated that:

> Many of defendants' employees employed at their aforesaid office and place of business and various work sites, have been and are engaging in ordering, keeping account of, paying for, unloading, handling and otherwise working on construction materials purchased and received in interstate commerce from suppliers situated outside of the State of Virginia, and many of defendants' employees employed at the aforesaid work sites have been and are engaging in transporting, unloading, checking, handling, installing and otherwise working on construction materials received in interstate commerce from States other than States at which such work sites are situated, or in handling or otherwise working on goods which have been moved in or produced for interstate commerce as aforesaid.

That complaint also stated that the defendant's annual gross volume from the business exceeded the threshold amount.

Here, plaintiff elected to file a bare bones complaint which included statements of mixed fact and law. Such allegations can, at times, present problems because they contain a number of different and implicit elements. Such a pleading may seem burdensome to a defendant who may

think the plaintiff has intentionally tried to make the defendant's job harder by not making clear what elements *the plaintiff thinks* are contained in the allegation. While this may not be a justification for defendants' actions, it does place their answer in a little different perspective. It would not be productive to encourage a pleading motion practice, except for gross or repetitive violations of the rule. 5 Wright & Miller, *supra* § 1261, at 531. It is best that the parties stand down from a combative posture and move on. The motion to strike is denied.

**IT IS THEREFORE ORDERED** that plaintiff's motion to strike defendants' answer (docket no. 17) is denied.

**IT IS RECOMMENDED** that defendants' motion to dismiss (docket no. 15) be denied.

October 14, 2004.